HORTON & RIKEMAN, plaintiffs in error, vs. F. B. MOYERS, defendant in error.

A lot of land is sold under a proclamation by the Sheriff that it is sold to pay the purchase money, which is understood by the by-standers to mean, to satisfy the vendor's lien, and it is so meant by the Sheriff, and it turns out to be a mistake—no deed having been executed and filed, in compliance with the statute.

*Held,* That the sale will be rescinded at the instance of the bidder, and a re-sale ordered.

The facts necessary to an understanding of this case, are sufficiently stated in the opinion of the Court.

PRINTUP, for plaintiff in error.

UNDERWOOD, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

Alfred Shorter sold lot No. 46, in the city of Rome, to Jonathan G. McKenzie, for $400; took the notes of the purchaser, and gave a bond for titles. McKenzie sold one-half the lot to Felix B. Moyers, who put valuable improvements thereon, and mortgaged the other half to Horton & Rikeman. Shorter sued the notes given by McKenzie to judgment, and sold the lot under the *fi. fa.* issuing thereon; the Sheriff making proclamation that the lot was sold to satisfy the vendor's lien, and Horton & Rikeman giving notice at the same time of their mortgage lien; Moyers supposing that the title would be good, as the vendor's lien was paramount to any and all others, bid $317 for the property, and it was knocked off to him at that price. The mortgagees are proceeding to foreclose their mortgage, for the purpose of selling the one-half of the lot mortgaged to them. Moyers filed his bill to enjoin them, and for the refusal of the Court to dissolve the injunction, this writ of error is prosecuted.

It turns out that Shorter had not filed his deed to the lot, as required by the statute, and yet, the effect of the Sheriff's

proclamation was to induce purchasers to believe and bid as though he had. The Sheriff, without intending it, stated what was not true, and legally could not be true. Would it be just to Moyers to let the sale stand, and he lose the purchase money? We think not.

The equity of this case is, to rescind the former sale; and now that a deed has been executed and filed by Shorter, bring the lot again into market, when it can be fairly sold, and purchasers bid understandingly.

But to accomplish this, the bill has to be amended, so as to make Shorter a party; and the prayer should be amended, asking for a recission of the former sale, and a re-sale of the lot.

Judgment reversed.