### 36173. BRANNON v. SIMPSON et al.

PER CURIAM.

This is the fourth time that Louise M. Brannon has un-successfully appealed rulings of the trial court in an equitable partitioning of this and other property at issue. *Brannon v. Simpson,* 238 Ga. 351 (232 SE2d 841) (1977); *Brannon v. Simpson,* 145 Ga. App. 525 (244 SE2d 59) (1978); *Brannon v. Simpson,* 244 Ga. 58 (257 SE2d 541) (1979).

The only enumeration of error with arguable merit on this appeal is Mrs. Brannon's contention that the trial court deprived her of her property without due process in violation of the Georgia Constitution by overruling her motion to disburse certain of her funds (rent and proceeds of prior sales of other properties involved in this partitioning proceeding, alleged to be $4,366) held in the registry of the court so that she could use those funds in bidding on this property. The trial court entered an order denying her motion, finding that due to substantial accrued costs, a pending motion for attorney fees, and a motion for disbursement of these same funds for repair of certain property of the co-tenancy, it would be premature to release any of the funds held in the registry of the court.

It is unnecessary to decide the correctness of this order in view of the fact that Mr. Brannon (who serves as his wife's attorney in this litigation and was bidding for her at the sale) relied on a portion of the funds in the registry of the court in making his high bid despite the fact that they had not been released and then declined to rely on more of those funds to overbid the high bidder at the sale. The transcript shows that Mr. Brannon appeared at the sale before the courthouse door with a cashier's check of $13,500 and $6,500 cash. He bid $21,250 (relying for the $1,250 difference on funds held in the registry of the court) but did not overbid the competitive high bid of $21,300. The property was knocked down to the high bidder for $21,300. At the confirmation hearing that immediately followed the sale, but was conducted in the courtroom, Mr. Brannon attempted to enter a bid of $21,500, relying on the undisbursed funds for $1,500 of this bid. At that time, however, the bidding had closed. See *Brannon v. Simpson,* 244 Ga. 58, supra.

Assuming (only for the purpose of deciding this appeal) that the trial judge should have disbursed the funds held by the court, if the judge had done so it is clear from the transcript that the Brannon bid made at the sale before the courthouse door would not have been the highest bid. By bidding $21,250 (including $1,250 of undisbursed funds), Mrs. Brannon had the benefit of the undisbursed funds in pushing the high bidder to $21,300. By not overbidding at the sale, Mrs. Brannon demonstrated her unwillingness to make a higher bid. Thus, even if the funds had been disbursed, the Brannon bid would not have been the high bid at the sale. Any error in the trial court's refusal to disburse the funds prior to the sale was therefore harmless.

The holder of the security deed on the subject property having been paid, it was not necessary that the security deed holder be made a party to the confirmation proceeding. As we have accepted as true for the purpose of this appeal all of appellant's assertions, the motion to supplement the record is denied.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 12, 1980 — DECIDED SEPTEMBER 4, 1980 — REHEARING DENIED SEPTEMBER 23, 1980.

*Richard Lamar Brannon,* for appellant.
*Warren Akin, John Paul Jones, Al D. Tull,* for appellees.