RAKESTRAW, executrix, *vs.* RAKESTRAW *et al.*

A will appointed the wife of testator as his executrix, and contained the following item : "I will that all the rest of my real estate property, including the house and lot I now occupy and a house and lot I own in Lawrenceville, together with my lands, be held and controlled by my wife during her lifetime. I would also include whatever money and notes I may own. In short, it is my will that my wife shall have full and entire control of all my effects, of whatever kind." The testator having died, the will was probated, and the executrix qualified. She filed a bill, alleging that the rents, issues and profits of the estate were not sufficient for the support of herself and the six minor children of the testator, and prayed that she be allowed to sell the same or a portion thereof for such support.

*Held,* 1. That the will does not confer on the executrix the power of sale.

2. That the will creates a life estate in the widow, with remainder to the children of the testator; and it is competent for the life tenant to waive the life estate in the property devised; this would vest the whole estate in the children; and it would be in the power of a court of equity to decree a sale of the whole or a part of the property for the support, education and maintenance of the children and the support of the widow. The court could hear evidence as to the probable value of the life estate, and decree to the widow such sum as would be equal thereto, and could, by proper order, protect the remainder for the use of the children, or decree that the sum be turned over to the guardians of the minors and to those children who have become of age.

(*a.*) An amendment should be made specifically setting forth the property constituting the estate held by the widow, and stating her willingness to surrender her life estate.

(*b.*) It seems to be the policy of the law to provide for the support of the widow and minor children, and the courts should in all proper ways forward and carry out this policy.

September 18, 1888.

Wills. Estates. Equity. Remainders. Laws. Be-

fore Judge HUTCHINS.   Gwinnett Superior Court.   March Term, 1883.

Reported in the decision.

S. J. WINN, for plaintiff in error.

No appearance for defendants.

BLANDFORD, Justice.

Gainum T. Rakestraw made his last will and testament and appointed his wife executrix thereof, and by the sixth item or clause of said will he provided as follows :

"I will that all the rest of my real estate property, including the house and lot I now occupy, and a house and lot I own in Lawrence-. ville, together with my lands, be held and controlled by my wife during her lifetime.   I would also include whatever notes and money I may own.   In short, it is my will that my wife shall have full and entire control of all my effects, of whatever kind."

The testator having died, the will was duly proved, and Mrs. Rakestraw, the widow, qualified as executrix.   She presented her bill to the superior court of Gwinnett county, in which she represented that said Gainum left at his death six minor children ; that the rents, issues and profits of the estate of said testator were not sufficient for the support and maintenance of herself and children, and prayed that she be allowed to sell the same, or a portion thereof, for such support of herself and family.   The court below, after consideration of said bill, decided that the will of testator does not confer power of sale on the executrix, and the prayer of the bill was refused.   This ruling the plaintiff excepted to, and assigned the same as error.

The will of testator creates a life estate in Mrs. Rakestraw, the widow and executrix, the remainder to the children of testator.   It is competent for the life tenant to waive her life estate in the property devised, which would

vest the whole estate in the children of testator; and it
would be in the power of the court to decree a sale of the
whole or a part of the property for the support, education
and maintenance of the children and the support of the
widow.  The court could hear evidence as to the probable
value of the life estate of the widow, and decree to her
such sum as would be equal to the value of the life estate,
and could, by proper order, protect the remainder for the
use of the children, or decree that the same be turned over
to the guardians of the minors and to those children who
have arrived at age.  Section 1824 of the Code provides that,
"The ordinary may, in his discretion, allow the corpus of
the estate, in whole or in part, to be used for the education
and maintenance of the ward."  If the ordinary could
authorize a sale of this property for their education and
maintenance, so can the superior court in this proceeding,
if the bill shall be amended so as to allege the willingness
of the life tenant to surrender her life estate; then there can
be no difficulty as to a sale of the property so surrendered;
but the bill should set forth the property specifically con-
stituting the estate held by the widow, and then, with these
amendments, the court could decree a sale of this property,
taking care to properly secure the minors in the money
arising from such sale.  The court was right in holding
that the executrix had no power of sale of this property
conferred on her by this will, but erred in refusing the
prayer of the bill for this reason, as it was the power of
the court which was invoked by the bill, and the court
should have heard the prayer and, on proper terms, granted
suitable relief.  Our law provides, as necessary expenses
of administration and to be preferred before all other debts,
a provision for the support of the family, whether the per-
son whose estate is being administered die testate or in-
testate, solvent or insolvent.  Code, §2571.  So it seems
that it is the policy of our law to provide for the support
of the widow and minor children, the family of a deceased

person, and the courts should, in all proper ways, forward and carry out this policy.

Judgment reversed.

Judgment: It is ordered that the judgment of the court below be reversed, upon the ground that the court refused to entertain the bill of plaintiff because no power of sale was conferred on the executrix by the will of testator. And it is further ordered that the court below allow the bill of plaintiff to be amended as herein indicated; and that the court decree a sale of so much of the property as the widow may relinquish her life interest in and to, and that it direct the executrix as to the application of the fund for the support of the family, and the education and maintenance of the minor children.