SWANSON *et al. vs.* CALHOUN.

A testator devised the property in question to his daughter Martha, for the use of her and her daughter Mayler, and after Martha's death, one-half to be equally divided between three grandchildren (naming them), the other half to go to Mayler, and if she die without heirs, to be equally divided between the three grandchildren named. Martha is still alive. Mayler died without issue and intestate. One of the other three grandchildren named, after the

death of Mayler, filed his petition for a partition as legatee under the will:

*Held,* that the land was not, under the will, to be divided until after the death of the life tenant, Martha. Her daughter had a joint use of it with her mother during her mother's life, and if she had lived, she could have received only her portion of the land after the death of her mother; so that, whether the petitioner claims under the clause of the will in which half of the property is given to him and two other grandchildren, or under the clause which provides that, in case of Mayler's death without heirs, the property is to be equally divided between petitioner and the two other grandchildren, he has commenced his proceeding before the time contemplated by the testator for the division of the property.

February 11, 1889.

Wills. Construction. Partition. Before Judge GUSTIN. Houston superior court. April term, 1888.

Reported in the decision.

DESSAU & BARTLETT, for plaintiffs in error.

DUNCAN & MILLER, by brief, *contra.*

SIMMONS, Justice.

A. C. Calhoun filed his petition for partition, in the superior court; in which he alleged that he was a legatee under the will of Wm. H. Calhoun, and was entitled to and then owned a sixth-interest in 305 acres of land, and that Martha Swanson was in possession of the whole tract. Martha Swanson objected to the partition of the land, and claimed that she was entitled to the present possession thereof, and that under the will, the land was not to be divided until after her death. The case was submitted to the court on the following agreed statement of facts: William H. Calhoun died testate, on the first of August, 1882. By his will he devised the property described in the petition for partition, as follows:

"I give and bequeath to my beloved daughter, Martha Swanson, all of my estate, both real and personal, for the use of her and her daughter Mayler, and after my daughter's death, one half to be equally divided between three grandchildren, namely, W. A. Swanson, Mattie L. Seay and A. C. Calhoun; the other half to go to my granddaughter, Mayler Swanson; and if she dies without heirs, to be equally divided between W. A. Swanson, Mattie L. Seay and A. C. Calhoun."

The following legatees are still in life: Martha Swanson, W. A. Swanson and A. C. Calhoun. Mattie L. Seay died intestate, leaving as her only heirs at law her husband and one child. The husband of Mattie L. Seay also died intestate. Mayler Swanson died without issue and intestate, in the year 1885. Mattie L. Seay and her husband survived Mayler Swanson only a short time.

The trial judge, after hearing argument in the case, decided that A. C. Calhoun, the petitioner, was entitled to have the land partitioned; and appointed commissioners to divide the same; to which judgment Martha Swanson excepted, and brought the case here for review.

We think the court below erred in the decision complained of. This land was given by will to Martha Swanson, the daughter of the testator, for the use of herself and her daughter, Mayler, during her life. After her death it was to be equally divided between her daughter, Mayler, and three other grandchildren, W. A. Swanson, Mattie L. Seay and A. C. Calhoun; and if Mayler died without heirs, her part was also to be equally divided between the same parties. This land, under the will, was not to be divided until after the death of the life tenant, Martha Swanson. Mayler, her daughter, had a joint use of the land with her mother, during the mother's lifetime; and if she had lived, she could only have received her portion of the land, under this will, after the death of her mother. A. C. Calhoun, the peti-

tioner, does not claim as heir at law of Mayler, but as a legatee under the will. If he claims under the first clause of the will, in which half of the property is given to him and Swanson and Mattie L. Seay, then he has commenced his proceedings for partition too soon; for the property is not to be divided until after the death of Martha Swanson. If he claims under the last clause, which says that, in case of Mayler's death without heirs, the property is to be equally divided between him and Swanson and Mattie L. Seay, we think he has also commenced his proceeding before the time contemplated by the testator for the division of the property; because, as we have said, if Mayler had survived, she would not have been entitled to a division of the land until the death of her mother, Martha Swanson.

Judgment reversed.