## 26686. KEOWN v. CRAIG et al.

NICHOLS, Justice. An equitable action was filed by Mrs. Esther Craig, a life tenant under her father's will, to sell a small tract of land which was separated from a larger tract of land which was also a part of such life estate. All except one of the contingent remaindermen agreed to the sale and disbursement of a part of the proceeds to the plaintiff as the value of her life estate in the land being sold, the remainder of the sale price to be placed on deposit in a savings and loan association or reinvested in U. S. Government Bonds where the same would draw interest until the time of final vesting of the remainder of the estate. After hearing, the trial court ordered the sale; the one objecting contingent remainderman appealed. *Held:*

1. The issue made by the pleadings was whether a particular sale should be approved by the court. This issue included the objector's contention that the property should not be sold at all. Accordingly, the ruling of the trial court complained of in the first enumeration of error that the court refused to consider such contention as

a separate issue in the case shows no error.

2. An expert witness for the objector testified as to his opinion as to the value of the property. On cross examination he explained in detail how he arrived at such value and testified in detail as to each parcel of "comparable" property used to arrive at such value. Under such circumstances the refusal to permit the introduction of his written opinion into evidence was not error.

3. Under decisions exemplified by *Cooney v. Walton,* 151 Ga. 195 (106 SE 167); *Ethridge v. Pitts,* 152 Ga. 1 (108 SE 543); and *Turner v. Prigmore,* 202 Ga. 377 (43 SE2d 259), the superior court had jurisdiction of the subject matter and the parties. It was not an issue to be submitted to the jury but an equitable matter where the court could render a decretal order authorizing the sale of the land. Accordingly, the denial of the objector's demand for a jury trial and the hearing of the issue thus made without the intervention of a jury was not error.

4. A finding that the property produces no income is not contrary to the evidence merely because there is some evidence that such property sometimes produced $25 per month, nor is a finding that the property is expensive to keep reversible error because the trial court included a finding not supported by the evidence adduced upon the trial that the taxes are increasing yearly.

5. A finding that the proposed sale is to the best interest of the life tenant and all possible contingent remaindermen is not reversible error because one contingent remainderman objected to the sale and presented opinion evidence that the market value of the land was higher than the price offered by the proposed purchaser.

6. Any alleged error in the taxing of costs against the remaindermen's interest must first be raised by a motion to retax the costs. See *Carmichael Tile Co. v. McClelland,* 213 Ga. 656 (1) (100 SE2d 902).

7. The evidence authorized the decree rendered by the trial court authorizing the sale of a small tract of land which was separated from the remainder of the land constitut-

ing the life estate.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1971—DECIDED OCTOBER 12, 1971.

*William G. Tanner,* for appellant.
*Jack Holland,* for appellees.