## 27605. WILLIAMS v. COLLERAN.

ARGUED DECEMBER 11, 1972 — DECIDED JANUARY 10, 1973.

*Lanier, Powell, Cooper & Cooper, Jack L. Cooper,* for appellant.

*Sanders, Hester & Holley, William J. Williams, Jerry B. Dye,* for appellee.

NICHOLS, Justice. ■ The defendant concedes that under decisions exemplified by *Rakestraw v. Rakestraw,* 70 Ga. 806; *Cooney v. Walton,* 151 Ga. 195 (106 SE 167); *Kennedy v. Durham,* 220 Ga. 310 (138 SE2d 567); *Webb v. Jones,* 221 Ga. 754 (146 SE2d 910); *Nash v. Crowe,* 222 Ga. 173 (149 SE2d 88) and *Keown v. Craig,* 228 Ga. 194 (184 SE2d 583), had there been contingent remaindermen or had the vested remaindermen agreed, then such a petition for the sale of the parcel of land would not be subject to the motion to dismiss. However, the contention is made that under the Act of 1961 (Ga. L. 1961, pp. 228, 229; Code Ann. § 85-1517 et seq.) that no sale may be made upon a petition by a life tenant. This contention is without merit for such statute deals with an undivided interest in real estate for life and not with a life estate in real estate held by only one person as in the case sub judice. Section 3 of such Act (Code Ann. § 85-1519) expressly provides that its provisions are cumulative of

existing law. Thus, if the life tenant had such right prior to the enactment of the 1961 statute, it was not taken away by such statute.

The cases cited above, beginning with *Rakestraw v. Rakestraw,* 70 Ga. 806, supra, all recognize the equitable principle that the owner of a life estate may, when certain situations occur, be entitled to have the property sold. The defendant contends that such is true only when there is a contingent remainder and not where the remainder is a vested right. The argument in support of such contention is that the owner of a vested right in remainder has a greater interest than a contigent remainderman. This contention is without merit for, while the right of the contingent remainderman is dependent upon various circumstances (e.g., his being in life at the death of the holder of the life estate), yet it is known that someone will take under the instrument creating the life estate. Their interest in the property is the same whether they are known or unknown. The cases all require proper representation of those who may take. Here the person is known, is represented, and it cannot be said under the notice pleadings requirements that the claimant failed to state a claim upon which relief could be granted. The judgment of the trial court granting the motion to dismiss must be reversed.

*Judgment reversed. All the Justices concur.*