## 34056. BILLINGS v. BILLINGS et al.

MARSHALL, Justice.

The appellant, who has an entire life estate and 87.8% of the undivided interest in a tract of land, filed a petition for partition, naming as defendants the other remaindermen. The petition alleged that the property cannot be divided in kind so as to equitably divide it between the parties at interest, and prayed for its sale (in accordance with the provisions of Code § 85-1511), disposition of the proceeds of the sale (per Code § 85-1512), and delivery of possession to the purchaser upon the death of the sole life tenant, petitioner-appellant. The petitioner appeals from the order sustaining the defendants' motions to dismiss for failure to state a claim for which relief may be granted. *Held:*

Were the appellant merely a tenant in common or co-owner of the land in question, she would be entitled to petition for either statutory or equitable partition, as appropriate. Code §§ 85-1006, 85-1501, 85-1504. Similarly, if she were a *co*-life tenant, she might bring a petition based on Code Ann. § 85-1516 (Ga. L. 1959, p. 189) or Code Ann. § 85-1517 (Ga. L. 1961, pp. 228, 229), both of which, by their provisions, apply to *multiple* life tenants. See *Williams v. Colleran,* 230 Ga. 56 (1) (195 SE2d 413) (1973).

The cases cited in the first (and only) division of

*Williams v. Colleran,* supra, "all recognize the equitable principle that the [sole] owner of a life estate may, *when certain situations occur,* be entitled to have the property sold." (Emphasis supplied.) *Williams,* at p. 58. The only situation alleged in the present petition as grounds for having the property sold is that "[t]he property cannot be divided in kind so as to equitably divide the same between the parties at interest . . ." While this allegation, if proved, would constitute a ground for sale rather than division in kind, it does not allege a necessity for partitioning itself. (As to the grounds for partitioning by a life tenant, see the cases cited in *Williams,* supra, p. 57.) Absent a showing of necessity, the partition prayed for here might be premature, because the petitioner/sole life tenant is in possession of the entire estate for the remainder of her life in accordance with the expressed intent of the testator, and the remaindermen are not entitled to either actual or constructive possession pending determination of the life estate. *Wright v. Conner,* 200 Ga. 413, 415 (6) (37 SE2d 353) (1946); *Swanson v. Calhoun,* 81 Ga. 777 (8 SE 734) (1888).

The failure of the petition to allege the necessity for partitioning is not fatal, however. "When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, '. . . [n]ot unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed. . .' " *Tri-City Sanitation v. Action Sanitation Service,* 227 Ga. 489 (181 SE2d 377) (1971) and cits. The allegations of the petition do not negative any right to partition as a matter of law in this case. Rather, the plaintiff is entitled to prove, if she can, such facts which would show a necessity for partitioning at the present time, as opposed to a partitioning upon the termination of her life estate by her death. Such proof should also show that the petitioner cannot adequately obtain her portion of the proceeds of a sale of the property, which is what she prays for, by the alternative method of a sale of her life estate with remainder in the undivided interest in the property. The plaintiff's life estate and remainder interest did not merge to give her a fee simple title (*McDaniel v.*

*Bagby,* 204 Ga. 750 (1) (51 SE2d 805) (1949)); nevertheless, this additional interest is one factor which may be considered in the determination of the necessity for and entitlement to partitioning. Cf. *Webb v. Jones,* 221 Ga. 754 (2) (146 SE2d 910) (1966), in which the court considered the fact that some contingent remaindermen had by deed authorized the petitioner to encroach upon the corpus.

Accordingly, the trial judge erred in dismissing the petition.

*Judgment reversed. All the Justices concur.*

Submitted September 15, 1978 — Decided November 30, 1978.

*Wiggins & Camp, William J. Wiggins,* for appellant.
*Hollis B. Johnson, Dewey Smith,* for appellees.