## A90A2046. ROYAL v. CURRY et al.
(404 SE2d 302)

POPE, Judge.

Appellant J. Kenneth Royal was named executor of the estate of Evelyn C. Register pursuant to the terms of the decedent's Last Will and Testament. Royal, a lawyer, also acted as attorney for the estate. Appellees, heirs of the decedent, filed a motion for accounting and removal of Royal as attorney and executor in the Probate Court of Wayne County, Georgia. On August 16, 1989, the probate court ordered Royal to make an accounting to the heirs of the estate and to

post a bond of $100,000 pending the final accounting and settlement of the estate. On September 5, 1989, the probate court entered a new order which modified its order of August 16; removed Royal as attorney for the estate; ordered him to make a final settlement or accounting to the heirs by September 15, 1989; appointed James G. Johnson, Jr., as co-executor of the estate and authorized Johnson to employ an attorney to assist in the legal matters of the estate; ordered Royal to turn over all documents necessary for Johnson to make an accounting and settlement of the estate; and ordered Royal to post a bond in the amount of $150,000.

Royal filed his notice of appeal to the Superior Court of Wayne County on September 8, 1989. On September 27, 1989, the appellees amended their petition to include allegations that Royal, in his capacity as executor and attorney for the estate, had mismanaged the estate through waste, fraud, commingling and conversion of estate funds. Royal filed an accounting of the estate on or about November 3, 1989. Appellees filed a second amendment to their pleadings on January 11, 1990, contending Royal had committed fraud against the estate and requesting the imposition of punitive damages. A consolidated pre-trial order was entered on March 21, 1990. In the pre-trial order the appellees repeated their allegations that Royal had mismanaged the estate through fraud, waste, commingling and conversion of estate funds and again requested the imposition of punitive damages. Appellees also sought to have all sums paid by Royal returned to the estate, and costs and attorney fees assessed against him.

Royal filed a motion to strike all allegations which were not raised in the probate court prior to appeal to the superior court. Specifically, Royal contended that the only issues before the probate court, and thus the only issues properly before the superior court, were whether he should be removed as executor and attorney for the estate, whether an accounting should be made and whether a bond should be posted. Thus, Royal argued, issues of fraud, refund of fees, punitive damages and attorney fees and costs, as raised in appellees' amended pleadings and proposed pre-trial order, should not be considered by the superior court.

The case proceeded to trial and the court, after hearing argument of the parties, held that the appellees could "go ahead with all the things that you have asked for." However, following the presentation of Royal's case and prior to appellees presenting their evidence, the parties entered into a consent judgment pursuant to which Royal agreed to pay appellees $80,000. On May 14, 1990, the superior court entered judgment pursuant to the parties' agreement. On June 12, 1990, Royal filed his notice of appeal to this court.

1. Royal's sole enumeration of error on appeal concerns the denial of his motion to strike; he does not challenge the terms, validity

or enforceability of the judgment entered pursuant to the parties' consent agreement. OCGA § 5-6-48 (b) (3) provides an appeal may be dismissed "[w]here the questions presented have become moot." Such clearly is the situation in the case at bar. Thus Royal's appeal must be dismissed. See *Ring v. Williams*, 192 Ga. App. 329 (1) (384 SE2d 914) (1989); *Franklin v. Shackelford*, 174 Ga. App. 520 (330 SE2d 449) (1985); cf. *Rozier v. Davis/Smith Mtg. Corp.*, 193 Ga. App. 340 (1) (387 SE2d 627) (1989).

2. "[The heirs] have filed a motion for the imposition of a 10 percent penalty for frivolous appeal pursuant to OCGA § 5-6-6. We are constrained to deny the motion, however, as the statute authorizes the penalty only when the judgment is affirmed, not when the appeal is dismissed. [Cit.]" *Scott v. McLaughlin*, 192 Ga. App. 230 (2) (384 SE2d 212) (1989).

*Appeal dismissed. Motion for penalty denied. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 1, 1991 —
REHEARING DISMISSED MARCH 13, 1991.

*Richard D. Phillips, J. Kenneth Royal*, for appellant.
*J. William Harvey, James G. Johnson, Jr.*, for appellees.