A93A0955. RIVERDALE POOLS & CONSTRUCTION, INC. v. EVANS.

(435 SE2d 501)

BIRDSONG, Presiding Judge.

Riverdale Pools appeals from a consent judgment resolving an action for breach of a specific stipulation in a contract to sell real estate. The record shows that Evans bought an unimproved lot from Riverdale Pools, and thereafter discovered the property was not connected to a sewer system and did not have a septic tank. After Evans filed suit for breach of a specific stipulation in the contract that warranted that the property was connected to a sewer system or septic tank, he was granted partial summary judgment on liability. Although Riverdale Pools took a direct appeal from this decision in accordance with OCGA § 9-11-56 (h), ultimately the appeal was withdrawn upon the motion of Riverdale Pools. While these facts are not recited in the record, we take judicial notice of records on file in this court. See *Backus Cadillac-Pontiac v. Ernest*, 195 Ga. App. 579 (394 SE2d 367).

Later, Evans moved for an award of damages, but before a hearing was conducted, the parties agreed to a settlement of the case. Thereafter, the trial court entered a consent judgment that recited the parties, through counsel, "have consented that a judgment be entered against defendant" for a sum specified.

Subsequently, Riverdale Pools filed a notice of appeal that specified it appealed from the final order entered on July 24, 1992, and the order granting summary judgment entered July 31, 1990. Riverdale Pools, however, does not challenge the consent judgment. Instead, the enumerations of error challenge certain decisions regarding interpretation of the contract by the trial court in granting partial summary judgment to appellee, Guy E. Evans, on July 31, 1990. *Held:*

1. Our first consideration is whether we have jurisdiction over this appeal. Court of Appeals Rule 32 (d); *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.*, 167 Ga. App. 257 (306 SE2d 22).

2. A party not aggrieved by the judgment of the trial court is without legal right to except thereto, since he has no just cause of complaint. *Morgan v. Miller*, 191 Ga. App. 803, 804 (383 SE2d 183). In this appeal, Riverdale Pools cannot be aggrieved by the trial

court's judgment since it was entered with its consent. Moreover, the enumerations of error concern only the grant of partial summary judgment, and do not "challenge the terms, validity or enforceability of the judgment entered pursuant to the parties' consent agreement. OCGA § 5-6-48 (b) (3) provides an appeal may be dismissed '(w)here the questions presented have become moot.' Such clearly is the situation in the case at bar. Thus [Riverdale Pools'] appeal must be dismissed. [Cits.]" *Royal v. Curry*, 199 Ga. App. 133, 134-135 (404 SE2d 302).

3. In any event, even if the appeal were not dismissed, an affirmance must result because of the entry of the consent judgment. "Since appellant did not seek to have the consent judgment vacated or set aside, [it] is estopped from going behind the judgment so as to reopen the matter in this court. [Cits.]" *Rozier v. Davis/Smith Mtg. Corp.*, 193 Ga. App. 340 (387 SE2d 627).

*Appeal dismissed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 25, 1993.

*Stephen F. White*, for appellant.
*H. Geoffrey Slade*, for appellee.