S01A0327. DEARISO et al. v. COCHRAN.
(546 SE2d 508)

CARLEY, Justice.

Doris Cochran brought suit to partition certain property pursuant to OCGA § 44-6-160 et seq. The trial court issued a writ of partition, but the processioners concluded that the property could not be divided in kind. On April 3, 2000, the trial court entered an extensive order "[a]fter consultation with the said attorneys of record for the parties hereto relative to a procedure for the fulfillment and resolution of this civil action. . . ." That order provides for the sale of growing timber, the public sale of the land, and the payment of attorney's fees from the proceeds. After entry of the order, Appellants apparently made some objection thereto and, on May 1, the trial court ordered all parties to appear on May 4 "to show cause . . . why the consent order entered into by this Court as a final settlement . . . should not be followed. . . ." On May 3, Appellants filed a notice of appeal to the Court of Appeals from the April 3 order. At the May 4 hearing, the trial court was informed of the notice of appeal and heard testimony regarding the parties' consent to the April 3 order. A supplemental transcript of this hearing has been filed. The Court of Appeals correctly transferred this appeal to this Court. *Wiley v. Wiley*, 233 Ga. 824, 826 (1) (213 SE2d 682) (1975).

Appellants attack the merits of the April 3 judgment. To the extent that the record does not fully disclose what transpired prior to the entry of that judgment, the trial court was authorized to hear and resolve the matter and to transmit a supplemental transcript. OCGA § 5-6-41 (f). The supplemental transcript herein shows that all parties consented to the entry of the April 3 order through their attorneys pursuant to Georgia law. *Pembroke State Bank v. Warnell*, 266 Ga. 819, 821 (1) (471 SE2d 187) (1996); *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983). Moreover, even if the trial court lacked jurisdiction to conduct the May 4 hearing, the original record itself clearly reveals that the judgment is a consent order. Appellants did not seek to have the consent judgment vacated or set aside on any ground, and, therefore, they are estopped from now attempting to go behind the judgment so as to reopen the matter in this Court. *Rozier v. Davis/Smith Mortgage Corp.*, 193 Ga. App. 340 (2) (387 SE2d 627) (1989). See also *Imperial Massage & Health Studio v. Lee*, 231 Ga. 482 (2) (202 SE2d 426) (1973). Accordingly, "we conclude that the entry of the consent judgment requires affirmance

of the judgment below." *Rozier v. Davis/Smith Mortgage Corp.*, supra at 340 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 2001.

*Farkas, Ledford & Perry, Leonard Farkas*, for appellant.
*Sims, Fleming & Spurlin, John S. Sims, Jr., Clarence A. Miller*, for appellees.