S04A0997. COKER PROPERTIES, L.P. v. BROOKS et al.
S04A0998. COKER et al. v. BROOKS et al.
(604 SE2d 766)

BENHAM, Justice.

These appeals are from orders entered in a statutory partitioning proceeding initiated in December 1999 by Sharon Brooks, individually and as administratrix of the estate of Roy Dean Hale and as executrix of the estate of Winifred Hale (her parents), and her siblings (collectively, "Brooks"). The partitioning sought to divide 50.77 acres of property in Gwinnett County that would remain after a pending school condemnation proceeding took approximately seven acres of

---

the remnant of the property purchased in 1949 by Roy Dean Hale and Jess Coker (Winifred Hale's brother). The partitioning action was stayed in April 2000 on the motion of Coker Properties (successor to Jess Coker's interest) which contended Brooks was entitled to only a 25 percent interest in the land sought to be partitioned and urged that the respective rights of the parties be determined prior to partitioning. The partitioning action was reinstated in May 2003 following the filing of the Court of Appeals's remittitur in the condemnation case. In the condemnation case, it was determined that Coker Properties owned 75 percent of the property and Brooks owned 25 percent of the seven-acre parcel being condemned.

In opposition to Brooks's motion to lift the stay in the statutory partitioning, Coker Properties contended the land ownership issue had been decided in the condemnation proceeding and asked the court to re-confirm that finding in this case. Coker Properties also moved for an equitable accounting, alleging that Brooks had never paid taxes or maintenance expenses on the property, and sought equitable contribution from Brooks for the monies expended by Coker Properties and for a lien on the property. Coker Properties asked the trial court to exercise its equity jurisdiction and treat the partition proceeding as an equitable partitioning under OCGA § 44-6-140 et seq. due to the circumstances of the case. The trial court denied Coker Properties' motion and issued a certificate of immediate review.

In December 2002, Jess and Mary Virginia Coker filed a motion to intervene in the partitioning action based on the fact that Jess was the predecessor in interest of Coker Properties and both Jess and Mary Virginia claimed a right of reimbursement/contribution for 25 percent of the expenses Jess incurred in paying taxes and insurance and making repairs and maintaining the property when he owned the property with Roy Dean and Winifred Hale from 1949 to 1991. The trial court denied the motion to intervene and issued a certificate of immediate review. We granted the subsequent applications for interlocutory review, posing the following questions:

> Did the trial court err when it declined to exercise equitable jurisdiction in the partitioning proceeding?

> Did Jess Coker's right of contribution survive his 1991 quitclaim deed to Coker Properties? If so, did the trial court err when it denied Jess Coker's motion to intervene?

1. In Case No. S04A0997, Coker Properties enumerates as error the trial court's refusal to convert the statutory partitioning case into an equitable partition case. "Equity has jurisdiction in cases of partition whenever the remedy at law is insufficient or peculiar

circumstances render the proceeding in equity more suitable and just." OCGA § 44-6-140. One circumstance which warrants equitable partitioning is a claim for accounting between cotenants. *Taylor v. Sharpe*, 221 Ga. 282 (1) (144 SE2d 390) (1965); *Mills v. Williams*, 208 Ga. 425 (1) (67 SE2d 212) (1951) ("[A]ccounting between tenants in common will alone and of itself give a court of equity jurisdiction of a partition proceeding, whether or not there be other peculiar circumstances which render the proceeding in equity more suitable and just."). This case presents, in addition to a claim for an accounting which would itself warrant the exercise of equitable jurisdiction, a claim for contribution, an assertion of estoppel, and the complicating factors arising from the lack of a written agreement contemporaneous with the purchase regarding the extent of ownership of the original cotenants, the division of the property by the construction of a highway through it, the sale of a portion of the property 20 years ago, the condemnation of a portion of the remaining property, and the death of one of the original cotenants. Given the extent of the complications here, this case presents the "peculiar circumstances" which render a proceeding in equity more suitable and just. Accordingly, we conclude the trial court erred in refusing to convert the statutory partitioning action to an equitable partitioning action, and reverse that judgment.

2. In Case No. S04A0998, Jess[1] and Mary Virginia Coker brought the appeal from the denial of their motion to intervene in the partitioning action based on a claimed right of contribution from Brooks arising from Jess Coker's payment of taxes and maintenance costs prior to his transfer of the property to Coker Properties in 1991. The question of intervention is controlled by OCGA § 9-11-24. In subsection (a) of the statute, intervention of right exists when a statute confers an unconditional right to intervene, which is not the case here, or when "the applicant claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest . . . ." OCGA § 9-11-24 (a) (2). While the Cokers claim an interest relating to the property, we agree with the trial court's implicit holding that the disposition of the partitioning case in which they seek to intervene will not impede their ability to protect that interest. If, as the Cokers assert, their claim against Brooks for contribution is separate from

---

[1] Brooks's motion to dismiss Case No. S04A0998 because of the death of Jess Coker is denied since Mary Virginia Coker remains as a party to the appeal, individually and as executrix of Jess Coker's estate.

the ownership interest in the property, the partitioning of the property according to the ownership interest of the present cotenants will not adversely affect the claim for contribution. Thus, the Cokers have not shown a right to intervene.

Permissive intervention is provided for by subsection (b) of OCGA § 9-11-24, when a statute confers a conditional right to intervene, not a factor here, or when "an applicant's claim . . . and the main action have a question of law or fact in common." OCGA § 9-11-24 (b) (2). While the Cokers' claim for contribution shares some questions of fact with the issues in the partitioning action, that commonality does not confer a right to intervene. "Whether permissive intervention should be granted is a question addressed to the sound discretion of the trial court. [Cits.] We will not reverse a grant or denial of permissive intervention unless there is an abuse of discretion." *Allgood v. Ga. Marble Co.*, 239 Ga. 858, 859 (239 SE2d 31) (1977). Since the Cokers have divested themselves of any property interest being decided in the partitioning action, we see no abuse of the trial court's discretion in denying intervention by the Cokers. Accordingly, the order denying intervention is affirmed. Since the Cokers will not be parties to the action below, we need not decide whether Jess Coker's right of contribution survived his 1991 quitclaim deed to Coker Properties.

*Judgment reversed in Case No. S04A0997. Judgment affirmed in Case No. S04A0998. All the Justices concur.*

DECIDED OCTOBER 25, 2004 —
RECONSIDERATION DENIED NOVEMBER 22, 2004.

Title to land. Gwinnett Superior Court. Before Judge Winegarden.

*Oliver & Winkle, G. Robert Oliver, Michelle Y. Terry, W. Howard Fuller*, for appellants.

*Cornelison & Zioli, Rex P. Cornelison III*, for appellees.