S04A1857. RANSOM v. HOLMAN et al.
(608 SE2d 600)

SEARS, Presiding Justice.

Appellant Rayfield Ransom appeals the trial court's decision to order an equitable partitioning of property owned by appellant and appellee Matthew Holman as tenants in common. Having reviewed the record and finding no error in the trial court's rulings, we affirm.

Appellant filed a statutory partitioning proceeding, naming appellee and his grandfather, Grady Holman, as defendants. Appellant asserted that he owns a two-fifths interest in the subject property, and that appellee owns a three-fifths interest. Appellee responded, asserting that he owns a four-fifths interest in the property, while appellant owns only a one-fifth interest. Appellee also filed a counterclaim seeking an equitable division, an accounting and contribution, asserting that since 1980, he alone has paid all taxes and maintenance costs relative to the property. Finally, appellee argued that since Grady Holman owns no interest in the property, he was not a proper party and should be dismissed.

Following a hearing, the trial court found that dividing the property into fractional parts would decrease the value of each part and the whole. The court also found that an accounting was necessary in order to settle the parties' claims. Therefore, the court ordered an equitable partitioning and appointed a receiver to take charge of the property, sell it and provide an accounting, with the proceeds being divided upon court approval. The court reserved ruling on the parties' dispute concerning their respective interests in the property until entry of the final decree. The court also granted appellee's motion to dismiss Grady Holman from the case.

1. "Equity has jurisdiction in cases of partition whenever the remedy at law is insufficient or peculiar circumstances render the proceeding in equity more equitable and just."[1] The need for an accounting between tenants in common will, standing alone, bestow jurisdiction upon a court of equity to decide a partitioning action, even if no other peculiar circumstances exist that warrant an equitable proceeding.[2] This particular case involves a claim for an accounting that, by itself, warrants the exercise of equitable jurisdiction, as well as a finding by the trial court that the property is configured such that its physical division will create a decreased value. Accordingly, this case involves the sort of circumstances that justify the assumption of equitable jurisdiction over a partitioning action, and the trial court did not abuse its discretion in so ordering.

2. The trial court did not, as appellant claims, err by failing to address his claim that one or more of the appellee's deeds are invalid.[3] That allegation concerns the parties' respective interests in the property, a disputed issue specifically reserved by the trial court for later determination.

---

[1] OCGA § 44-6-140.

[2] *Coker Properties, L.P. v. Brooks*, 278 Ga. 638 (604 SE2d 766) (2004); *Mills v. Williams*, 208 Ga. 425 (67 SE2d 212) (1951).

[3] Appellant raised this issue in an amended complaint filed after appellee brought his counterclaim.

3. The trial court did not err by dismissing Grady Holman from the action, as it is indisputable that he holds no interest in the property to be partitioned.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 2005 —
RECONSIDERATION DENIED MARCH 7, 2005.

Rayfield Ransom, *pro se.*
*William H. Mills*, for appellees.