### S10A0496. ONONYE v. EZEOFOR.
(695 SE2d 234)

NAHMIAS, Justice.

Chimeze Ononye appeals from the judgment of the trial court entered in his partition action, which involved a residence he owned jointly with Catherine Ezeofor, his ex-wife. For the reasons that follow, we affirm.

1. Before addressing the merits of the appeal, we address our jurisdiction to decide it. The appeal was originally filed in the Court of Appeals, which transferred the case to this Court, explaining that an appeal from a partition action falls within our title to land jurisdiction. That transfer was correct, and we reiterate that this Court has jurisdiction over both statutory and equitable partition actions. See OCGA § 44-6-140 et seq. (equitable partitioning); OCGA § 44-6-160 et seq. (statutory partitioning). Both sorts of partition actions come within our title to land jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (1); *Ransom v. Holman*, 279 Ga. 63, 64 (608 SE2d 600) (2005) (equitable); *Deariso v. Cochran*, 273 Ga. 808, 808 (546 SE2d 508) (2001) (statutory); *Wiley v. Wiley*, 233 Ga. 824, 826 (213 SE2d 682) (1975) (statutory). This makes it unnecessary to address whether some partition actions also come within our equity jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2).

2. Ononye contends that he filed a statutory partition action, that the trial court erred in failing to follow the statutory partitioning procedures set out in OCGA § 44-6-166.1, and that the court erred in applying equitable partitioning principles. We disagree.

Ononye's complaint did not allege he was filing a statutory partition action. Instead, it prayed that ''an equitable partition be made ordering'' Ezeofor to transfer her interest in the property to him. Moreover, before the trial court entered its partition order, Ononye did not request that the trial court follow the procedures set forth in OCGA § 44-6-166.1, nor did he object to the procedures the trial court was following. Accordingly, Ononye helped induce the

alleged error, and he cannot complain of it on appeal. *Stinchcomb v. State*, 280 Ga. 170, 173 (626 SE2d 88) (2006) ("A party cannot complain about errors he helped induce.").

In any event, there was no error. Even when a party files a statutory partition action, the trial court has the discretion to apply equitable partitioning principles if the circumstances of the case warrant the assumption of equitable jurisdiction. See OCGA § 44-6-140 ("Equity has jurisdiction in cases of partition whenever the remedy at law is insufficient or peculiar circumstances render the proceeding in equity more suitable and just."); *Ransom v. Holman*, supra. Under the circumstances of this case, the trial court did not abuse its discretion in applying equitable principles to the partition action.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Mosley & Evans, Andrew T. Mosley II, Geoffrey A. Evans*, for appellant.

*Leah R. Brown*, for appellee.