## S10A1212. ROBINSON et al. v. BAKER et al.
(702 SE2d 165)

HINES, Justice.

This is an appeal from a "final order" of the Superior Court of Irwin County dismissing a "Petition to Partition in Equity and Authority to Sell at Private Sale or Public Auction." For the reasons that follow, we reverse and remand.

In 1952, H. H. Busbin conveyed approximately 120 acres of land to his daughter, Jewell Busbin Robinson.[1] The deed contained the provision that it was "made subject to a life interest for the Grantor, H. H. Busbin and in the event of no body [sic] heirs of grantee

---

[1] The deed conveyed the land to Robinson and her husband, who, according to the parties, has died during the course of this litigation. However, no suggestion of death appears in the record and the documents of record and appeal refer variously to Robinson only and jointly to Robinson and her husband.

[Robinson], said lands is [sic] to convert back to the estate of said grantor H. H. Busbin estate, at the death of the grantees." H. H. Busbin died intestate in 1961 survived by his wife[2] and fourteen children, including Robinson.

Robinson attempted to acquire quitclaim deeds from her siblings, conveying their interests to her. She secured quitclaim deeds from her mother and eight of her siblings, allegedly giving her a "9/14 remainder interest" in the property. However, some of the heirs with ostensible interests in the property refused to execute the requested quitclaim deeds. Thereafter, Robinson filed the present "Petition to Partition in Equity and Authority to Sell at Private Sale or Public Auction."[3] At the time of filing her petition, Robinson was 82 and had no children.

A hearing in the matter was held before Judge Gary C. McCorvey, and on July 21, 2006, Judge McCorvey issued an order ruling that Robinson had standing to seek a partition of the property.[4] On October 17, 2006, Judge McCorvey appointed three commissioners to inspect the property and determine whether it could be divided in kind or whether the property had to be sold. The commissioners were to report back to the court on November 20, 2006. No order to partition was subsequently entered by Judge McCorvey.

Judge Bill Reinhardt took over the case, and on November 13, 2007, Judge Reinhardt held a hearing on Robinson's motion for judgment on the pleadings. On November 9, 2009, Judge Reinhardt entered the final order at issue, dismissing Robinson's petition after expressly finding that no situation of necessity existed in the case to authorize sale of the property.[5]

1. Certainly, as a matter of equity, the owner of an estate in which others have a contingent or remainder interest may, under certain circumstances, be entitled to have the property sold. *Billings*

---

[2] The pleadings state that Busbin's wife died in 1981, and previously had quitclaimed her right, title, and interest in the subject property to Robinson and her husband.

[3] In the petition, Robinson cites, inter alia, OCGA § 44-6-160, which provides for statutory partitioning, but plainly the remedy she is seeking is that reflected in the styling of her petition – equitable partitioning, OCGA § 44-6-140 et seq. In fact, the body of the petition states that "[t]his petition is brought in equity as there is no legal remedy at law available to accomplish all the Petitioners' requests and purposes." In any event, even if a party files a petition for statutory partitioning, it is within the discretion of the trial court to apply equitable partitioning principles if the circumstances of the case warrant it. *Ononye v. Ezeofor*, 287 Ga. 201, 202 (2) (695 SE2d 234) (2010).

[4] Judge McCorvey had originally issued an order, on June 26, 2006, which purported to grant a "writ of partition pursuant to OCGA § 44-6-160," but the order of July 21, 2006, expressly deleted the language regarding the grant of partitioning, and in lieu thereof, granted Robinson only standing to seek partitioning of the subject property.

[5] The order also stated that the previous ruling purporting to authorize partitioning was in error.

*v. Billings*, 242 Ga. 632, 633 (250 SE2d 480) (1978). But, the petition should allege a necessity for the partitioning itself, and absent this, the requested partition might be deemed to be premature because the petitioner is in possession of the entire estate until and unless she dies with no bodily heirs in accordance with the expressed intent of the testator, and those with any contingent interests are not now entitled to either actual or constructive possession. Id.

The present petition contains no allegation of necessity; in fact, the closest the pleading comes to such a claim is the statement, "The Petitioners believe it is impracticable, inconvenient, or economically infeasible to divide the property granting each Petitioner and Respondent his or her portion of acreage." This falls short of alleging a necessity for the partitioning itself.[6] *Billings* at 633.

However, the failure of a petition for equitable partitioning to allege the necessity for such partitioning is not fatal to it insofar as subjecting it to dismissal when the sufficiency of the petition is assessed for failure to state a claim for which relief may be granted; indeed "unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed." *Billings v. Billings* at 633, quoting *Tri-City Sanitation v. Action Sanitation Svc.*, 227 Ga. 489 (181 SE2d 377) (1971).

As in *Billings,* the allegations of the present petition do not absolutely negate all rights Robinson may have to partition. She is entitled to attempt to prove, if she can, such facts which would show a necessity for partitioning at the present time, as opposed to a partitioning upon the termination of her estate by her death absent any bodily heirs. *Billings* at 633.

2. It is unnecessary to address Robinson's remaining enumerated complaints because they involve matters that either require re-examination by the trial court upon remand or have been rendered moot by our decision in Division 1.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED NOVEMBER 1, 2010.

*Stephen L. Ivie,* for appellants.

---

[6] In fact, the only express mention of the necessity of equitable partitioning is found in Robinson's motion for judgment on the pleadings, which begs the question of the propriety of a judgment on the pleadings based upon the critical showing of necessity. Moreover, any evidence of necessity which Robinson claims was brought forth in a hearing before Judge McCorvey, is, by definition, outside the pleadings, and it cannot be substantiated because any such hearing apparently was not transcribed. Finally, contrary to Robinson's contention, any finding by Judge McCorvey as to her standing to file the petition does not equate to a ruling on the question of necessity.

*Mixon & Mixon, Warren L. Mixon,* for appellees.