**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 17, 2023**

# In the Court of Appeals of Georgia

A23A0695. PAPPAS v. STEWART.

RICKMAN, Judge.

Dean Pappas appeals from a consent final order resolving an action for modification of custody, child support, and contempt. For the following reasons, we affirm.

The record shows that Pappas and Yancey Stewart divorced in 2012. Pappas and Stewart are the parents of one minor child who was born in 2006. In 2017, Stewart filed a petition for modification of custody and child support. Pappas then filed a petition for modification of custody and child support and motion for citation of contempt. The two cases were subsequently consolidated. In November 2020, the parties agreed to submit all disputed claims in the consolidated action to binding arbitration. The parties' agreement was incorporated into a November 18, 2020

"Consent Order to Submit All Disputed Claims to Arbitration," which provided that "the Arbitrator's decision will be presented to the Court as a final Consent Judgment, and will not be appealable, except as provided by the Georgia Arbitration Code (GAC). By execution of this Consent Order, each party and his or her counsel expressly waive any right of appeal[.]"

The arbitrator issued an "Arbitration Determination of Financial Issues," which was approved and adopted as an order of the trial court on March 12, 2021. The arbitrator later issued a "Final Arbitration Determination on the Issue of Custody," which was approved and adopted as an order of the trial court on March 7, 2022. And finally, the arbitrator issued an "Arbitration Determination of Contempt, Clarification, and Attorney Fees and Expenses of Litigation," which was approved and adopted as an order of the trial court on August 8, 2022.

The trial court subsequently entered a "Consent Final Order of Modification and Contempt," which adopted and incorporated the March 12, 2021 order, the March 7, 2022 order, and the August 8, 2022 order. This appeal followed.

1. Stewart has filed a motion to dismiss this appeal for lack of jurisdiction and for imposition of a frivolous appeal penalty under Court of Appeals Rule 7 (e) (2). Stewart argues that this Court lacks jurisdiction because Pappas "expressly waiv[ed]

any right of appeal" when he consented to the November 18, 2020 Consent Order to Submit All Disputed Claims to Arbitration and because Pappas's prior counsel expressly consented to the Consent Final Order of Modification and Contempt.

OCGA § 9-9-16 provides that "any order considered a final judgment under [the Georgia Arbitration Code] may be appealed pursuant to Chapter 6 of Title 5." While domestic relations cases generally require discretionary applications under OCGA § 5-6-35 (a) (2), child custody cases are directly appealable. See OCGA § 5-6-34 (a) (11). Because this appeal arises from a child custody modification case, and Pappas raises child custody issues in his brief, the Consent Final Order of Modification and Contempt is directly appealable and this Court has jurisdiction. See *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017). Consequently, we deny Stewart's motion to dismiss for lack of jurisdiction. We also deny her motion to impose a penalty for a frivolous appeal under Court of Appeals Rule 7 (e) (2).

2. However, because Pappas, through his attorney, agreed to the Consent Final Order of Modification and Contempt and did not seek to vacate it or set it aside, he is estopped from attempting to go behind that judgment and reopen it in this Court. *Deariso v. Cochran*, 273 Ga. 808, 808 (546 SE2d 508) (2001). See also *Riverdale Pools & Constr. v. Evans*, 210 Ga. App. 127, 127 (3) (435 SE2d 501) (1993); *Rozier*

3

*v. Davis/Smith Mtg. Corp.*, 193 Ga. App. 340, 340 (2) (387 SE2d 627) (1989). "Accordingly, we conclude that the entry of the consent judgment requires affirmance of the judgment below." (Citation and punctuation omitted.) *Deariso*, 273 Ga. at 808.

*Judgment affirmed. Dillard, P. J., and Pipkin, J., concur.*