# Court of Appeals
# of the State of Georgia

ATLANTA,  April 16, 2025

*The Court of Appeals hereby passes the following order:*

### A25D0307. INDIA WHITE v. ASPEN SQUARE MANAGEMENT A/A/F 100 SOUTH.

On February 18, 2025, in this dispossessory action, the Magistrate Court of Henry County entered a default judgment and order against India White. White then filed this application for discretionary review of the magistrate court's order on March 17, 2025. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990).

Pretermitting whether White is entitled to a de novo appeal in the state or superior court,[1] and further pretermitting whether she has sought review in a timely

---

[1] When a default judgment is entered against a party in magistrate court, that party does not have a right to direct appeal but must file a petition for review to the state court or superior court of that county. See OCGA § 15-10-41 (b) (2) ("No appeal shall lie from a default judgment . . . . Review . . . shall be by petition for review to the state court of that county or to the superior court of that county."); see generally OCGA § 5-3-6 et seq. (setting forth the procedure for filing a petition for review).

manner,[2] we do not have jurisdiction to address this order from the magistrate court. See *Westwind Corp.*, 195 Ga. App. at 411. The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Accordingly, this application is hereby TRANSFERRED to the Magistrate Court of Henry County with direction to send it to the State Court of Henry County for disposition.[3]



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*___04/16/2025_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[2] As a general matter, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56 (b) (1).

[3] We recognize that we are in possession of a limited record and that our determination that the State Court of Henry County is the proper jurisdiction and venue for this case is limited by that record. Of course, the State Court of Henry County is under the same obligations as this Court in the event it determines that it lacks jurisdiction or that venue lies elsewhere.