# Court of Appeals
# of the State of Georgia

ATLANTA, April 29, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0348. BRITTANY MCGAHEE v. HOME SFR BORROWER IV, LLC.

In this dispossessory action, on March 10, 2025, the Magistrate Court of DeKalb County entered a consent order and judgment against Brittany McGahee, and granted Home SFR Borrower IV, LLC a writ of possession and $5,784.20 in back rent. On April 14, 2025, McGahee filed this application for discretionary review of the magistrate court's order. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990).

Pretermitting whether McGahee is entitled to appeal from a consent judgment,[1] and further pretermitting whether she has sought review in a timely manner,[2] we do

---

[1] See *Riverdale Pools & Const., Inc. v. Evans*, 210 Ga. App. 127, 127-128 (2) (435 SE2d 501) (1993) (explaining that a party "cannot be aggrieved by the trial court's judgment . . . entered with its consent").

[2] As a general matter, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56 (b) (1).

not have jurisdiction to address this order from the magistrate court. See *Westwind Corp.*, 195 Ga. App. at 411. The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Accordingly, this application is hereby TRANSFERRED to the Magistrate Court of DeKalb County with direction to send it to the State Court of DeKalb County for disposition.[3]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*   04/29/2025

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[3] We recognize that we have only a limited record and that our determination that the State Court of DeKalb County is the proper jurisdiction and venue for this case is limited by that record. Of course, the State Court of DeKalb County is under the same obligations as this Court if it determines that it lacks jurisdiction or that venue lies elsewhere.