42181. AMERICAN SECURITY INVESTMENT
COMPANY v. POPPELL, Sheriff, et al.

EBERHARDT, Judge. A bill of sale to secure debt was foreclosed and pursuant to levy of the mortgage fi. fa., the property, a house trailer, was advertised and sold for $2,000, less than half the amount due. Plaintiff in fi. fa. brought a petition to set aside the sale, alleging that it had not been represented at the sale because its attorneys had an understanding that the sale would not be held until 12 noon, whereas it was in fact held at 10 a.m. and that if it had been represented at the sale the trailer would have brought a substantially greater sum.

It was not alleged how or why the attorneys "had an understanding that the sale would not be held until 12 noon," or that the sale had not been lawfully advertised and regularly held, that there was any matter of accident or surprise, or that there was any fraud in the sale. Though the proceeding was maintainable at law as well as in equity (*Johnson v. Dooly*, 72 Ga. 297, 301), the petition was insufficient and it was not error to deny the relief and dismiss it. *Sellers v. Johnson*, 207 Ga. 644 (63 SE2d 904).

A different question might have been raised if it had been alleged that the sheriff misled the attorneys as to when the sale was to be held. Cf. *Horton & Rikeman v. Moyers*, 25 Ga. 89; *Fears v. State*, 102 Ga. 274, 284 (5) (29 SE 463); *Haunson v. Nelms*, 109 Ga. 802 (35 SE 227); *Suttles v. Sewell*, 109 Ga. 707, 710 (35 SE 224); *Smith v. Georgia Loan &c. Co.*, 114 Ga. 189 (39 SE 846); *Oswald v. Johnson*, 140 Ga. 62 (78 SE 333); *Sikes v. Sikes*, 153 Ga. 725 (113 SE 416); but see *Jones v. Bibb Brick Co.*, 120 Ga. 321 (8) (48 SE 25); *Code* § 39-1316. Even this may be unavailing, however, unless it appears that the purchaser knew of or had some hand in the misleading. *Howland v. Donehoo*, 141 Ga. 687, 694 (82 SE 32); *Interstate Trust Co. v. Citizens Bank of Moultrie*, 166 Ga. 537 (143 SE 577); and particularly see *Code Ann.* § 109A-9—504 (4).

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

SUBMITTED JULY 8, 1966—DECIDED SEPTEMBER 6, 1966.

*Conyers, Fendig, Dickey & Harris, J. Thomas Whelchel*, for appellant.

*Daniel H. White*, Tom Poppell, *pro se*, for appellee.