### 46891. WILKERSON et al. v. WILKERSON et al.

EBERHARDT, Judge. This partitioning proceeding, filed in DeKalb Superior Court, sought an order for the sale of lands owned by the parties to the proceeding as tenants in common, alleging that a fair and equitable division of the property could not be made. It is a statutory proceeding under *Code* § 85-1504 et seq. After a hearing on the petition the court, apparently concluding that a division in kind was feasible, denied the prayers and dismissed the petition and this appeal is from that order. *Held:*

1. This court has jurisdiction of the appeal. It does not involve title to land, nor is it an equitable proceeding. *Anderson v. Anderson,* 151 Ga. 518 (107 SE 334); *Nash v. Williamson,* 212 Ga. 804 (96 SE2d 251).

2. The matter was heard before the judge without a jury. Evidence both pro and con was introduced on the matter of whether a fair and equitable division in kind could be made of the property, raising a factual issue which the trial judge resolved against the petitioners.

On appeal the evidence is to be construed in a manner that will uphold rather than overturn the judgment of the

trial court. *Engram v. Faircloth*, 205 Ga. 577 (2) (54 SE2d 598); *Weideman v. Christopher*, 78 Ga. App. 548 (51 SE2d 601). There is evidence which supports the judgment, and since the issue was purely a factual one, we must affirm.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Pannell, Deen, Quillian and Clark, JJ., concur. Evans, J., dissents.*

SUBMITTED JANUARY 31, 1972—DECIDED APRIL 3, 1972—
REHEARING DENIED MAY 1, 1972.

*Wilkinson & Nance, A. Mims Wilkinson, Jr.,* for appellants.

*Dunaway, Shelfer, Haas & Newberry, Jerome C. Ware,* for appellees.

EVANS, Judge, dissenting. This is a proceeding to partition land in equity (*Code Ch.* 85-15), that is, for the sale of same because the land cannot be divided in kind. The proceeding is brought by two of the owners, each having a one-fourth undivided interest, against the two defendants, each of whom has a one-fourth undivided interest. Under *Code* § 85-1502; the lower court must exercise equity jurisdiction, which comes within the jurisdiction of the Supreme Court on review, and not the Court of Appeals. Constitution of 1945 (*Code Ann.* § 2-3704). True, it is a statutory proceeding under the Code, but calling for the lower court to do "justice and equity," it would appear that a review of such cases would be within the appellate jurisdiction of the Supreme Court. However, that court has held that if it is merely for the sale of the lands and if it does not involve other equitable matters the proceeding is purely statutory and appeal therefrom does not come within the review by that court. See *Anderson v. Anderson*, 151 Ga. 518 (107 SE 334); *Werner v. Werner*, 196 Ga. 1 (25 SE2d 676, 146 ALR 1263); *Nash v. Williamson*, 212 Ga. 804 (96 SE2d 251).

But, if there ever was a case requiring equitable partitioning this is it. The court did not hold that a division was feasible, but denied the prayers of the petition. The evi-

dence is slim, and a much stronger case could have been built had the plaintiffs offered experts, surveys, etc., which might have been economically prohibitive.

However, we do find certain uncontested evidence which makes it impossible for the lower court to do "justice and equity" by moulding a decree in equity except to order it sold. The property is an irregular shaped wooded body of land lying along two sides of a stream or creek. The legal description and plat, admitted as exhibits, shows it has eight or more sides to it, none of the same approximate distance, or corners of the same size, from examination of the courses and distances called for in the description; it is hilly on the southerly side of the stream, and somewhat flat on the northwesterly side, with a sewer line following generally the meanderings of the stream, with unequal territory on both sides of the stream. The defendant witness, in testifying, admitted it was unequal, but wanted do divide it in half by using the stream as the dividing line; with the plaintiffs (father-son) taking either side; and the defendants (father-son) taking the other. One of the plaintiffs, testifying as an expert (lawyer), swore that to partition it in kind would destroy the value of the tract, but failed to offer testimony as to how or why this was so, although there was no objection made to his testimony.

There was considerable other testimony both pro and con which was introduced on the size of the trees, gullies, hills, plain, elevation, vegetation, underbrush, ingress and egress, as to whether it could be fairly and equitably divided, but the above testimony unobjected to shows clearly that it cannot be divided by metes and bounds, courses and distance, so as to make four equal shares, since none of the land is very similar, but extremely irregular.

Attached hereto is a copy of a plat of said land, which substantiates my contention that a division in kind is not feasible.

I therefore dissent.

# "PLAINTIFF'S EXHIBIT B"