## 34742. BRANNON v. SIMPSON et al.

BOWLES, Justice.

This appeal is from an order of Bartow Superior Court, entered September 28, 1978, denying confirmation to appellant of her purchase of a named tract of land as high bidder at the judicial sale conducted by appointed commissioners on September 5, 1978; denying her motion for jury determination of the confirmation issue; and confirming the sale to the highest subsequent bidder.

The controversy revolves around the court-ordered sale of a piece of real estate located at 247-251 N. Erwin Street in Cartersville, Georgia. The property was devised by will. An undivided one-half interest of the tract was owned by appellee Simpson, an undivided one-fourth interest by appellee Mayes, and an undivided one-fourth interest by appellant Brannon. The issue of ownership was undisputed.

The action was initiated in 1974, when appellee Simpson brought an action for equitable partitioning of several tracts of land, including the Erwin Street property, owned jointly by the parties in this appeal. The trial court ordered the public sale of the property. This order of the trial court was affirmed in *Brannon v. Simpson,* 238 Ga. 351 (232 SE2d 841) (1977).

Upon remittitur to the trial court, appellant renewed her objections to the actions of the trial court. On appeal, the Court of Appeals again affirmed the trial court's order of sale. *Brannon v. Simpson,* 145 Ga. App. 525 (244 SE2d 59) (1978).

Appellant's husband and attorney, R. Lamar Brannon, was high bidder at the sale. The property was knocked off for $18,750. Brannon tendered to the clerk of the superior court his check for this amount. Brannon subsequently stopped payment on the check, the record showing there to be insufficient funds in the account on which the check was drawn.

The property was again exposed for public sale on September 5, 1978. The sale was specifically made subject to "confirmation and approval by the Superior Court of Bartow County." The advertisement and sale was regular and lawful. With all parties and their attorneys present, appellant Brannon was highest and best bidder at $3,010. She tendered a check for this amount to the clerk of superior court. As provided in Code Ann. § 37-1206, the trial court scheduled a confirmation hearing, and ordered that notice be published to all interested parties that additional bids would be considered.

Appellant filed a motion for jury determination of the matter of confirmation and for confirmation of the sale to her without receiving additional bids. The motion was denied. Additional bids were received. The property was

knocked off to R. Lamar Brannon, as agent for Buell W. Brannon and himself, for the high bid of $14,600. The sum was paid into court, and the sale to R. Lamar Brannon was confirmed. Appellant filed this appeal, enumerating as error the trial court's order refusing to confirm the September 5th sale to her as high bidder, and confirming a subsequent sale to R. Lamar Brannon, agent.

Code Ann. § 37-1206 provides, "Sales under decrees in equity shall be subject to confirmation by the judge, who has a large discretion vested in him in reference thereto. Such sales shall not be consummated until confirmed by him." *Hall v. Taylor*, 133 Ga. 606 (66 SE 478) (1909); *Pledger v. Bank of Lyerly,* 157 Ga. 229 (121 SE 228) (1924). Although appellant argues that the sale in this case is not within the equitable jurisdiction of the trial court, this issue was decided adversely to her position in the previously cited decisions by this court and the Court of Appeals. She was not entitled to a jury trial on this issue. Those opinions became the law of the case, and will not be reconsidered.

At the confirmation hearing, the court heard evidence showing that the fair market value of the Erwin Street property was between $13,500 and $20,000. The property had previously brought a bid of $18,750, although the sale was never consummated. The property brought a bid of $14,600 at the confirmation hearing. Under this set of facts, we do not find that the trial judge abused his discretion in refusing to confirm the sale to appellant on her bid for $3,010. It was within his authority to do so, *Hall v. Taylor,* supra, as it was his duty to protect the interests of all the parties concerned. Code Ann. § 85-1502, *Oswald v. Johnson,* 140 Ga. 62 (78 SE 333) (1913). We do decide, however, that the trial judge exceeded his authority in confirming a sale of the Erwin Street property to R. Lamar Brannon for $14,600, when said bid was not made at an advertised public sale. In all cases of partitioning, legal or equitable, the sale shall be made public as provided in Code Ann. § 85-1511, with advertisement of such sale appearing in some public newspaper once a week for four weeks. Because the advertisement provisions contained in this Code Section were not complied with, there was no public sale of the

land to R. Lamar Brannon. Therefore, we remand the case for a public resale, after notice and advertisement as provided in that Code section.

Appellee's motion to assess attorney fees as damages is denied. Code Ann. § 6-1801, which provides for ten per cent damages in cases where the appellate court decides the appeal was taken for delay only, applies only in cases where the judgment is a sum certain. It does not apply to the case now before us on appeal.

*Judgment affirmed in part, reversed and remanded in part. All the Justices concur.*

ARGUED APRIL 10, 1979 — DECIDED JULY 2, 1979 — REHEARING DENIED JULY 18, 1979.

*Haas, Holland, Levison & Gibert, Richard N. Hubert, Richard Lamar Brannon,* for appellant.

*Warren Akin, John Paul Jones, Al D. Tull,* for appellees.