38628. LARIMER v. LARIMER et al.

CLARKE, Justice.

Former husband appeals from the order of the trial court partitioning what was formerly the marital home of the parties. Former wife moves to dismiss on the basis that appellant should have filed an application under Code Ann. § 6-701.1.

The action which is the basis of this appeal was undertaken by former wife in an effort to enforce the separation agreement which was made the order of the court in the divorce decree in 1979. The separation agreement provided that wife would convey her interest in the house to husband upon his payment of her full equity in the house. The decree further provided that the parties would arrange for the payment of the equity by separate agreement. Wife brought this action for equitable partition pursuant to Code Ann. § 85-1501 in 1981.

Although it had its roots in the parties' divorce action, the action for an equitable partition was a new action and not merely a continuation of the divorce action. For this reason, § 6-701.1 does not apply to this situation, and husband's direct appeal is proper.

The court, following a hearing, found that the husband would not abide by the settlement agreement unless compelled and that since wife had no adequate remedy at law, equitable partition was her most suitable remedy. Husband contends that the court erred in granting equitable partition to wife, complaining that wife failed to show that she had no adequate remedy at law. A plaintiff in an action for equitable partition must show that there is a necessity for equitable relief *or* that circumstances make equitable relief more just and suitable. Inasmuch as wife was seeking a determination and award of fair rental value since the divorce in addition to mere partition, equitable rather than statutory partition was appropriate. *Burnham v. Lynn,* 235 Ga. 207 (219 SE2d 111) (1975). Husband's second enumeration of error is without merit.

Wife's motion for attorney fees under Code Ann. § 6-1801 is denied.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1982.

*Clyde J. Gober, Jr.,* for appellant.
*Michael R. Lewis,* for appellees.