S00A1717. CHEEVES v. LACKSEN et al.
(544 SE2d 425)

BENHAM, Chief Justice.

Appellees Jeffrey, Mary and John Lacksen filed a complaint in which they sought the partition of real property, 53 acres of unimproved timberland in Hancock County. Appellant Henry Cheeves, through his guardian, filed an answer and counterclaim in which he asserted that any inquiry into a partitioning would be premature, alleging that appellees had no lawful ownership interest in the property because their interest had been obtained by fraud. The trial court ruled that partitioning should occur and appointed three persons to make appraisals and report their findings. See OCGA § 44-6-166.1. This appeal followed.

In 1993, Robert Trawick sold appellees what was purported to be a 100 percent interest in the property for $27,000. Trawick also executed an affidavit naming himself as the sole heir-at-law of the last record owner. Subsequently, appellees discovered they had not obtained 100 percent interest in the property and attempted to purchase the remaining interests held by a number of individuals. Appellees filed the partition action after buying tracts from all the willing sellers.

After a hearing, the trial court determined appellees owned an undivided 93.66 percent interest in the real property at issue and

that appellant owned a 5.555 percent undivided interest.[1] In April 1999, the trial court issued an order in which it found that an equitable division by metes and bounds was impossible; that a proceeding in equity for partition was more suitable and just than a proceeding to partition at law; that the defendants were not entitled to a jury trial; and that partitioning should proceed in accordance with OCGA § 44-6-166.1. On appeal, appellant argues the trial court erred in granting appellees a remedy at law under OCGA § 44-6-166.1; in allowing appellees to proceed in equity; and in denying appellant the jury trial to which he claimed entitlement pursuant to OCGA § 44-6-165.

1. OCGA § 44-6-166.1 provides that its procedures must be followed

> [w]henever an application is made for the partition of property and any of the parties in interest convinces the court that a fair and equitable division of the property cannot be made by means of metes and bounds because . . . the value of the entire property will be depreciated by the partition applied for. . . .

The trial court found that "because of the fact that this property consists of 53 acres of timberland with no road frontage and because of the varying percentage interests of the parties hereto an equitable division by metes and bounds is impossible." See OCGA § 44-6-166.1. The trial court's finding reflects that the land was most suitable for timberland and that it would be unfeasible for a timber company to buy the smaller tracts for timber, some being as small as 0.086805 percent of the 53-acre tract, with the result that the smaller tracts would be virtually worthless. This finding supports the trial court's ruling that OCGA § 44-6-166.1 applies because it demonstrates that the value of the land as a whole would be diminished. See *Royston v. Royston*, 13 Ga. 425 (1853).

2. Appellant argues that the trial court erred in allowing appellees to proceed in equity while at the same time granting them a remedy at law under OCGA § 44-6-166.1. We agree with appellant that the trial court's conclusions of law were internally inconsistent. On the one hand, the trial court concluded that "[a] proceeding in equity for partition is more suitable and just than a proceeding to partition at law," which is the standard established by OCGA § 44-6-140 for determining whether a partitioning should proceed in equity. On the other hand, the trial court concluded that the property should

---

[1] Six other persons who were defendants in the trial court and who have not pursued an appeal were found to own the remaining undivided interests.

be partitioned pursuant to OCGA § 44-6-166.1, a statutory remedy which is part of a partitioning at law.

The trial court did not specifically find that a remedy at law was inadequate or that peculiar circumstances existed that made proceeding in equity more appropriate. Our own review of the record does not persuade us that a remedy at law was inadequate or that there were peculiar circumstances that made proceeding in equity more appropriate. Compare *Larimer v. Larimer*, 249 Ga. 500 (292 SE2d 71) (1982). It appears, therefore, that the conclusion that a proceeding in equity was appropriate was in error. However, despite that erroneous ruling, the trial court actually applied a legal remedy. Therefore, under the "right for any reason" rule, we must affirm the ruling of the trial court since it was correct in granting a remedy at law. *Little v. City of Lawrenceville*, 272 Ga. 340 (2) (528 SE2d 515) (2000).

3. Finally, appellant contends the trial court erroneously denied him his statutory right to a jury trial. OCGA § 44-6-165 provides that "any of the persons against whose right or title a judgment is sought . . . may, by way of defense, show . . . that the petitioner does not have title . . . to any part of the land" in order to obtain a jury trial. Appellant has not made such a showing by asserting that appellees obtained their title by defrauding third parties. "A defendant cotenant cannot defeat partition on the ground that the co-tenant seeking partition acquired his interest illegally from a third person who is not a party to the case." *Gaulden v. Mills*, 240 Ga. 4 (239 SE2d 353) (1977); *Sewell v. Holland*, 61 Ga. 608 (3) (1878). At a minimum, a defendant cotenant must show as a matter of record that the interests claimed by the parties exceed 100 percent (see *Clay v. Clay*, 268 Ga. 40 (485 SE2d 205) (1997); *Douglas v. Johnson*, 130 Ga. 472 (60 SE 1041) (1908); *Sewell*, supra) or that as a matter of record the interests claimed by the parties do not equal 100 percent. See *Hill v. McCandless*, 198 Ga. 737 (32 SE2d 774) (1945). Because appellant did not make the showing required by statute, the trial court was correct in concluding he was not entitled to a jury trial.

For the reasons stated above, we affirm the ruling of the trial court.

*Judgment affirmed. All the Justices concur, except Thompson, J., not participating.*

DECIDED MARCH 19, 2001.

*Ginger J. DuToit*, for appellant.

*Rozier & Hitchcock, J. Franklin Hitchcock, Jones, Cork & Miller, Hubert C. Lovein, Jr.,* for appellees.

