S12A1340. JACOBS v. YOUNG et al.
S12X1342. BROWN v. JACOBS et al.
(732 SE2d 69)

THOMPSON, Presiding Justice.

We are called upon in these appeals to determine whether the trial court was authorized to order the public sale of land jointly owned by the parties in the underlying partition action. See OCGA §§ 44-6-166.1; 44-6-167. For the reasons that follow, we find the trial court was authorized to order the public sale of the land at issue and affirm.

Appellant Andrea Brown Jacobs and several family members holding ownership interest in certain undeveloped real property filed a partition action in January 2006 after another family member, Mary Young, refused to sign a contract for the sale of the property. All parties, including Young, agreed a fair and equitable division of the property could not be made by metes and bounds without depreciating the value of the entire property. Accordingly, in July 2006 the parties entered into a consent writ of partition which provided for the sale of the property pursuant to OCGA § 44-6-166.1, the Georgia statute setting out the procedure for the sale of jointly owned property when physical division is inequitable. Appraisals were obtained and a sale price determined in accordance with OCGA § 44-6-166.1 (c). However, neither Young nor any other party in interest tendered the sums necessary to purchase petitioners' shares of the property. See OCGA § 44-6-166.1 (c)-(e). On February 6, 2007, Mary Young deeded her interest in the property to the Mary E. Young Revocable Trust. She died one day later.

The case appeared on a pretrial calendar in July 2010. The property not having been sold pursuant to OCGA § 44-6-166.1 and there being no appearance by Young or anyone on her behalf, the trial court struck Young's pleadings, entered judgment in favor of the petitioners, and appointed three commissioners to conduct the sale of the property consistent with the requirements of OCGA §§ 44-6-167–44-6-169, which set forth the procedure to be used when land sought to be partitioned is not sold pursuant to OCGA § 44-6-166.1. Because the property had not been sold by August 2010 and the owners of the property still were unable to reach an agreement with regard to its disposition, the court, believing that a mandated public sale would cause financial loss to all owners, amended its July 8, 2010 partition order to provide for the listing of the property with a particular broker with the terms of the sale to be established by a majority of the

previously appointed commissioners.[1] The July 8 judgment was quickly voided by the trial court after certain petitioners alleged counsel had acted without authority in seeking the partition order.

In September 2011, petitioner Florence Brown through new counsel filed a motion for order for public sale pursuant to OCGA § 44-6-167. Notice of the motion was provided to appellant through her new counsel, who simultaneously represented several other parties in interest. After a hearing on Brown's motion, the trial court entered an order for public sale pursuant to OCGA § 44-6-167 and appointed three commissioners to conduct the sale. The sale was advertised and the property sold to the highest bidder. Notice of a hearing for confirmation of sale and execution of deed were given, and after that hearing, the court issued two orders, one approving the sale and the other directing the parties to execute deeds conveying their interests to the buyer. Appellant Jacobs appeals from these orders in Case No. S12A1340. In Case No. S12X1342, Brown filed a cross-appeal stating she is satisfied with the trial court's orders and is cross-appealing only to ensure the entire record was included on appeal.

*Case No. S12A1340*

1. In Case No. S12A1340, appellant Andrea Brown Jacobs contends the trial court erred by confirming the sale of the property because there was no valid order for the public sale and neither Mary Young, her estate, nor the trustees of the Young Trust were given notice of the sale.

(a) Under Georgia's statutory partition statutes, a court is authorized to divide commonly owned land under OCGA § 44-6-160, or if a party in interest convinces the court that the land cannot be divided fairly, the land may be appraised and a party in interest given the opportunity to purchase the petitioner's share before a public sale is ordered.[2] OCGA § 44-6-166.1. Alternatively, land may become subject to public sale under OCGA § 44-6-167 if it is not sold pursuant to the procedure set out in OCGA § 44-6-166.1 or if a petitioner con-

---

[1] The trial court did so pursuant to its authority under OCGA § 44-6-170, which authorizes a trial court in an extraordinary case not covered by Code sections 44-6-160–44-6-169 to frame its proceeding and order so as to meet the exigency of the case without forcing the parties into equity.

[2] A party in interest is defined as "any person, other than a petitioner, having an interest in property." OCGA § 44-6-166.1 (a) (1).

vinces the court

> that a fair and equitable division of the property cannot be made by means of metes and bounds because of improvements on the property, because the premises are valuable for mining purposes or for the erection of mills or other machinery, or because the value of the entire property will be depreciated by the partition applied for.

*Stone v. Benton*, 258 Ga. 539, 540 (371 SE2d 864) (1988).

In this case, the record clearly establishes that Mary Young was given notice of petitioners' intention to apply for partition in 2006 and that she was personally served with the partition action at the time it was filed in the trial court. Because the parties agreed that an equitable division of the property could not be made without depreciating the value of the entire property, they agreed to entry of the consent writ of partition issued by the trial court in July 2006, which constituted a judgment conclusive as against the parties until reversed or set aside. No challenge having been made to the judgment of partition and the property not having been sold pursuant to its mandate, as a matter of law the property became subject to public sale according to the procedures of OCGA § 44-6-167 ninety days after the appraised price was established. See OCGA § 44-6-166.1 (e) (1) (property subject to public sale pursuant to OCGA § 44-6-167 no later than ninety days after appraised price established if no party in interest tenders sufficient sums to pay petitioners' shares in the property).

While the record in this case does not establish the exact date upon which the appraised price was set, there is no dispute that the ninety-day time period expired in 2006 while Young was still living. Accordingly, contrary to appellant's argument, the trial court's authority to order the public sale of the property in accordance with OCGA § 44-6-167 was established by a valid court order prior to Young's death and prior to her transfer of the property to the Young Trust.

(b) Although the actual sale of the property took place after the transfer of Young's interest and after her death, the trial court was not required to add as parties the Young Trust or its co-trustees. OCGA § 9-11-25 (c) provides that an action may be continued against the original party after a transfer of interest unless the court directs otherwise. Thus, absent a contrary ruling from the trial court, the partition action properly continued without the addition of parties after Young's transfer of her interest in the property.

Similarly, the partition action was not subject to dismissal based on the court's failure to substitute parties after Young's death because no suggestion of death was made upon the record. See OCGA § 9-11-25 (a) (action subject to dismissal if motion for substitution not made within 180 days after death is suggested upon the record). Even assuming petitioners' motion to add parties[3] could be construed as both a motion to add parties and a suggestion of death as contemplated by OCGA § 9-11-25 (a), a conclusion appellant disputes, the filing of the motion to add parties would have satisfied any obligation petitioners may have had to move for substitution of parties. Id.

(c) Appellant's contention that the public sale was improper because the court failed to follow the procedures set out in OCGA § 44-6-166.1 is misplaced. The property in question was sold at a public sale authorized by OCGA § 44-6-167, not OCGA § 44-6-166.1. The only statutory requirement for the conduct of a sale of land pursuant to OCGA § 44-6-167 is that the sale be conducted "under such regulations and upon such just and equitable terms as [the court] may prescribe." OCGA § 44-6-167; *Wiley v. Wiley*, 233 Ga. 824 (2) (c) (213 SE2d 682) (1975) (discretion as to terms and conditions of sale is left to commissioners, whose actions are subject to review by trial court in confirmation proceedings). There is no allegation or evidence that the commissioners appointed by the court did not follow proper procedures in the conduct of the public sale under OCGA § 44-6-167 or that the terms of the sale were unjust or inequitable. Accordingly, we find no error in the procedures used to conduct the sale of the property.

2. As recognized by the trial court, the underlying partition action was pending before the trial court for more than six years. Despite the court's considerable efforts to allow the parties time to resolve their disputes and avoid a mandatory public sale of the property, the parties were unable on each occasion either to reach an agreement or to conclude the sale to which they had agreed. Unfortunately, by the end of 2011, the trial court was left with no choice but to order the public sale of the property pursuant to its authority under OCGA § 44-6-167. Because we find that all parties received proper notice of the partition action and in fact, agreed to the entry of a final consent judgment of partition which gave rise to the trial court's authority to order the public sale, the trial court's orders confirming

---

[3] In June 2008, petitioners filed a motion noting Young's death and the purported transfer of her interest in the property to the Young Trust prior to her death and seeking to add as party defendants the Young Trust and its co-trustees, the representative of the estate of Mary Young, and India Young, Mary Young's sole heir. It appears the trial court never ruled on petitioners' motion.

the sale of the property and directing the parties and parties in interest to execute the deeds are affirmed.

### Case No. S12X1342

3. As no allegations of error are raised in Brown's cross-appeal, it presents nothing for our review.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2012 —
RECONSIDERATION DENIED OCTOBER 29, 2012.

*Jeffrey W. Lasky, J. Scott Vaughan*, for Andrea Brown Jacobs et al.

*C. Grant Washington, Lloyd D. Murray, Sr., Duffy & Feemster, Stanley E. Harris, Jr.*, for Florence Brown and Young et al.

*Ray C. Smith*, amicus curiae.