FINAL COPY
294 Ga. 496

S13A1338.  PACK v. MAHAN.

BLACKWELL, Justice.

This is an appeal from an order directing the equitable partition by sale of 3.503 acres in Union County, real property in which appellant Brittany Pack and appellee Sidney C. Mahan, Jr., both have interests as tenants in common. Mahan sought the equitable partition and sale of the property, and in response to his petition, Pack urged that statutory partition was an adequate remedy and that the property should be divided by metes and bounds. Following an evidentiary hearing, the trial court concluded that the property could not be fairly divided by metes and bounds, and it granted the petition for an equitable division by sale. Pack appeals,[1] and we agree with her that the order of the trial court is nominally erroneous, insofar as statutory partition is an adequate remedy in this case and no peculiar circumstances require an equitable partition. But even in

---

[1] The order that the property be sold was final and appealable, see *Lassiter Properties v. Gresham*, 258 Ga. 500, 501 (1) (371 SE2d 650) (1988), and appeals from orders of equitable and statutory partition alike come within our appellate jurisdiction in cases involving title to land. *Ononye v. Ezeofor*, 287 Ga. 201, 201 (1) (695 SE2d 234) (2010).

a statutory partition, a court may order the sale of property that cannot be fairly divided by metes and bounds, and we see no error in the finding that the property here cannot be fairly divided. Accordingly, we affirm the direction that the property be sold, but we vacate the judgment to the extent that it purports to order the sale as an *equitable* (rather than a *statutory*) partition, and we remand for the court to conform its judgment to the requirements for a statutory partition.

Georgia distinguishes between "equitable" partition, OCGA § 44-6-140 et seq., and "statutory" partition, OCGA § 44-6-160 et seq. See *Burnham v. Lynn*, 235 Ga. 207 (219 SE2d 111) (1975). See also *Hart v. Hart*, 245 Ga. App. 734, n. 2 (538 SE2d 814) (2000). This nomenclature, however, has led to some confusion, insofar as equitable and statutory partitions alike must account for certain equities. In a statutory partition,

> a court is authorized to divide commonly owned land under OCGA § 44-6-160, or if a party in interest convinces the court that the land cannot be divided fairly, the land may be appraised and a party in interest given the opportunity to purchase the petitioner's share before a public sale is ordered. OCGA § 44-6-166.1. Alternatively, land may become subject to public sale under OCGA § 44-6-167 if it is not sold pursuant to the procedure set out in OCGA § 44-6-166.1 or if a petitioner convinces the court that a fair and equitable division of the property cannot be made by means of metes and

bounds because of improvements on the property, because the premises are valuable for mining purposes or for the erection of mills or other machinery, or because the value of the entire property will be depreciated by the partition applied for.

*Jacobs v. Young*, 291 Ga. 778, 779-780 (1) (a) (732 SE2d 69) (2012) (citation, punctuation and footnote omitted). As we have explained, in a statutory partition, "the court may frame its proceeding and order so as to meet the exigency of the case without forcing the parties into equity; and the court may deny a sale or partition altogether if it is manifest that the interest of each party will not be fully protected." OCGA § 44-6-170. See also *Jacobs*, 291 Ga. at 779, n. 1. So, even proceedings for a statutory partition sometimes "partake of the nature of proceedings in equity." *Waycross Military Assn. v. Hiers*, 209 Ga. 812, 814 (3) (76 SE2d 486) (1953). "This allows certain equities between tenants in common to be taken into consideration in making a partition, and doubtless would authorize one holding a perfect equity to have a partition without first proceeding by equitable petition." *Cock v. Callaway*, 141 Ga. 774, 780 (3) (82 SE 286) (1914) (discussing a predecessor statute virtually identical to OCGA § 44-6-170).

The allowance for certain equitable considerations in statutory partitions, however, "was not intended to make the statutory proceeding a substitute in all cases for partition by a court with equitable cognizance, or to deal with all the rights which might be asserted in every case by an equitable proceeding; since the Code preserves the right of equitable partition . . . ." *Cock*, 141 Ga. at 780 (3). See also *Hiers*, 209 Ga. at 814 (3). "Equity has jurisdiction in cases of partition whenever the remedy at law is insufficient or peculiar circumstances render the proceeding in equity more suitable and just." OCGA § 44-6-140. See also *Larimer v. Larimer*, 249 Ga. 500 (292 SE2d 71) (1982). Such peculiar circumstances may include a need to adjust the accounts or claims of the cotenants, *Coker Properties v. Brooks*, 278 Ga. 638, 640 (1) (604 SE2d 766) (2004), a complexity of interests held by both resident and nonresident cotenants, *Chaney v. Upchurch*, 278 Ga. 515, 516 (1) (603 SE2d 255) (2004), and a claim against a former spouse for fair rental value, *Larimer*, 249 Ga. at 500. See also 3A K. Morgan Varner III & Robert H. Turner III, Georgia Jurisprudence *Property* § 33:13 (courts of equity are empowered, among other things, "to settle the rights of collaterally interested parties brought into the proceedings as defendants, to protect the interest of absent parties presumed

4

dead," and "to protect [by] appropriate decree the interest of all parties by unraveling complicated factual situations involving joint ownership of improvements, insolvency, foreclosure and purchase of assets, and the continuation of business").

Here, the trial court nominally awarded equitable relief, but no peculiar circumstances appear in this case that render statutory partition inadequate, unsuitable, or unjust. The reasons given in the petition for an equitable partition — "that this equitable suit is necessary to avoid a multiplicity of actions, to obtain the best price for the land, and to afford a better, more efficient, simpler, and less expensive manner of partition [—] are mere conclusions of the pleader with no [other] allegations or evidence to support them." *Gifford v. Courson*, 224 Ga. 840, 841 (165 SE2d 133) (1968). At the hearing on the petition, the factual disputes concerned only whether the property could be fairly divided by metes and bounds. Because Mahan contended that the property cannot be so divided, he insisted that it be sold. Because Pack asserted that it can be fairly divided, she urged a physical division. Neither position precluded a statutory partition. To the contrary, the statutes governing statutory partition provide that the petitioner may seek division in kind or a sale of the property. See *Jacobs*,

5

291 Ga. at 779-780 (1) (a). In particular, an allegation or evidence that the property cannot be partitioned by metes and bounds does not make the proceeding an equitable one for partition. See *Brinson v. Thornton*, 220 Ga. 234, 236 (1) (138 SE2d 268) (1964). See also *Cheeves v. Lacksen*, 273 Ga. 549, 550-551 (2) (544 SE2d 425) (2001). Ordinarily, therefore, statutory partition is an adequate remedy at law, see *Stone v. Benton*, 258 Ga. 539, 540 (371 SE2d 864) (1988), and in the absence of "peculiar circumstances," equitable partitioning is not appropriate. See *Gifford*, 224 Ga. at 841 ("unless for some special reason equitable jurisdiction is applicable, a party seeking the writ of partition is required to resort to the remedy afforded by the statute") (citations and punctuation omitted). Because Mahan failed to show that the remedy at law was insufficient or that peculiar circumstances render the equitable proceeding more suitable and just, the court below erred when it nominally awarded an equitable partition to Mahan. *Burnham*, 235 Ga. at 208.

That nominal error does not mean that the entire judgment must be set aside, however, because it appears that the court below actually awarded a legal remedy. See *Cheeves*, 273 Ga. at 551 (2). When the court entered judgment against Pack, finding that the land is not capable of division in kind and that it

6

should be sold, Mahan "obtained no equitable relief, but only that which would have been awarded [him] in a statutory proceeding for partition." *Nixon v. Nixon*, 197 Ga. 426, 432 (1) (29 SE2d 613) (1944). Indeed, because the Civil Practice Act provides for "one form of action," OCGA § 9-11-2, if the petition states a claim for either equitable or statutory partitioning, a court having the requisite jurisdiction and venue is authorized to proceed with a just and prompt determination of the action, regardless of whether the true nature of the partition is equitable or statutory. *Sikes v. Sikes*, 233 Ga. 97, 98 (209 SE2d 641) (1974). See also *Lathem v. Hestley*, 270 Ga. 849, 851 (514 SE2d 440) (1999). Cf. *Ononye v. Ezeofor*, 287 Ga. 201, 202 (2) (695 SE2d 234) (2010) ("Even when a party files a statutory partition action, the trial court has the discretion to apply equitable partitioning principles if the circumstances of the case warrant the assumption of equitable jurisdiction.") (citations omitted).

In concluding that the property should be sold, the court below committed no error. Pack has conceded that she does not have the financial resources to secure ownership of the entire property for herself, so she could not avail herself of the statutory remedy in OCGA § 44-6-166.1. As for the remaining remedies of partition in kind and a court-ordered sale without consent, "[p]artition in kind

7

is the rule, and should be followed if it can be done without pecuniary damage. Sentimental considerations should have great weight, especially in the preservation of the home, but pecuniary interests should be the determining factor." *Anderson v. Anderson*, 27 Ga. App. 513, 515 (6) (108 SE 907) (1921) (citations omitted). But there is no home or other improvement on this property. Mahan presented the testimony of two real estate agents, both of whom said that the property would be best sold as one tract. Their testimony, together with that of Pack's uncle (a developer and homebuilder), indicated that dividing the property would be difficult because of associated costs and certain topographical features, including a street, a creek, a power line, a right-of-way, a marshy area, a buffer, and a set-back. In support of her argument that division in kind is an appropriate remedy, Pack pointed to other testimony of her uncle, as well as the testimony of herself and her father, based on their experience as real estate brokers. And each party attacked the credibility of the other's witnesses. The probative value of the opinion testimony was entirely for the trial judge as trier of fact, who could form his own conclusion and rely upon his own opinion, provided that the evidence was sufficient to enable him to do so. Id. at 514 (4). "Evidence both pro and con was introduced on the matter of whether a fair and

8

equitable division in kind could be made of the property, raising a factual issue" that the court below resolved against Pack. *Wilkerson v. Wilkerson*, 126 Ga. App. 172, 172 (2) (190 SE2d 140) (1972). Where, as here, the physical topography of the land and the presence or absence of improvements are in evidence, along with opinions of the relative value of the premises as a whole or in division, "the trial judge can form his own opinion and order a sale or division by means of metes and bounds, as in his opinion will be to the best pecuniary interests of those concerned." *Anderson*, 27 Ga. App. at 514 (4) (citations omitted).

The findings of the trial court are supported by the evidence, and despite its misplaced references to OCGA § 44-6-140 and the intervention of equity, those findings show, in accordance with the statutory partition provisions, that the trial court was convinced "that a fair and equitable division of the property cannot be made by means of metes and bounds . . . because the value of the entire property will be depreciated by the partition applied for," OCGA § 44-6-166.1 (b), and that it is not "manifest that the interest of each party will not be fully protected" by a sale, OCGA § 44-6-170. With regard to the latter, we note that there is no basis for the concerns expressed by Pack as to the likelihood of

harm from a sale that is forced by court order. If a property is ordered to be sold pursuant to the statutory partition provisions and does not bring its fair market value for any reason, the parties' rights "are protected by the right to object to confirmation of such sale.[2] If the matter urged in the objections be such as to show the sale to have been unfair or inequitable to the parties, the court will refuse to confirm it and order a resale." *Lankford v. Milhollin*, 200 Ga. 512, 517 (2) (37 SE2d 197) (1946) (citation and punctuation omitted). See also *Oswald v. Johnson*, 140 Ga. 62, 63-64 (73 SE 333) (1913) (extensively explaining the basis for requiring confirmation of a sale resulting from a statutory partition proceeding).

Because the evidence in this case supports the findings of the court below, and because Pack could not purchase Mahan's interest, the court did not err when it ordered a public sale of the property. See OCGA § 44-6-167 ("In the event lands and tenements sought to be partitioned are not sold pursuant to Code Section 44-6-166.1, the court shall order a public sale of such lands and tenements."); *Wilkerson*, 126 Ga. App. at 172-173 (2) ("On appeal the evidence

---

[2] We note that sales under decrees in equitable partition proceedings are also subject to confirmation. See OCGA § 23-4-35; *Brannon v. Simpson*, 244 Ga. 58, 60 (257 SE2d 541) (1979).

is to be construed in a manner that will uphold rather than overturn the judgment of the trial court."); *Anderson*, 27 Ga. App. at 515 (6) ("An adjudication by a trial court, after hearing the evidence, that the conditions require a sale on a petition for partition, and that the lands and tenements in question cannot be partitioned by means of metes and bounds without depreciation in value, is entitled to great weight."). For that reason, we affirm the order that the property be sold. Nevertheless, we vacate those portions of the judgment in which the court purported to award equitable relief and in which it set forth the procedure governing the sale of the property without requiring compliance with OCGA § 44-6-167. And we remand the case for entry of a judgment that does not refer to OCGA § 44-6-140 and the intervention of equity and that orders a public sale — under such regulations and on such just and equitable terms as the court below may prescribe — after appointment of commissioners and advertisement as provided in OCGA § 44-6-167. See *Brannon v. Simpson*, 244 Ga. 58, 61 (257 SE2d 541) (1979).

Judgment affirmed in part and vacated in part, and case remanded with direction. All the Justices concur.

11

Decided February 24, 2014.

Title to land. Union Superior Court. Before Judge George.

<u>Bruce W. Phillips</u>, for appellant.

<u>David E. Barrett</u>, for appellee.