S16A1182. TYRONES v. TYRONES.
(792 SE2d 398)

HUNSTEIN, Justice.

Appellant Dennis Tyrones appeals the denial of his motion to set aside a partitioning sale. For the following reasons, we affirm.

Appellant Dennis Tyrones and his brother, George, held joint title to land in DeKalb County, Georgia. After George's death, the probate court awarded a fifty-percent interest in the property to his

widow, Appellee Andrea White Tyrones.[1] In December 2011, Appellee filed a complaint for statutory partition of the land, and Appellant answered, alleging various defenses and counterclaims. In a subsequent consent order, the parties agreed that the land could not be divided by metes and bounds; instead, they agreed to a process by which the land would be appraised and, if necessary, subject to a partition sale. As dictated by the consent order, Appellee secured an appraisal — which valued the property at $175,000 — and served it on Appellant. Though dissatisfied with the initial appraisal, Appellant failed to secure a second one (even with an extension of time); thus, as provided in the consent order, the initial appraisal established the fair market value of the subject property. In April 2013, counsel for Appellee filed a "Notice of Established Appraised Value," which, among other things, reiterated the time frame envisioned by the consent order for the sale of the subject property once the value had been established and where Appellant had elected not to exercise the option to purchase Appellee's interest in the property. In January 2015, the trial court entered an order initiating the partition-sale process. On May 5, 2015, Appellee purchased the property at the partition sale for $2,000.

On June 3, 2015, Appellant moved the trial court to set aside the partition sale, asserting that: neither he nor his counsel received the January 2015 order; he did not receive notice of the sale until the day before it was scheduled to occur, at which point he attempted to advise two commissioners that he would be present to bid on the property; he made arrangements to secure sufficient funds to bid on the property; and, though he went to the courthouse for the sale, he had to leave to procure certified funds, and the sale was complete by the time he returned. Appellant urged the trial court to set aside the sale "because he was not given proper notice and [was] denied an opportunity to bid when fully prepared to do so." In her response, Appellee attached correspondence showing that her counsel had tried numerous times over the course of several months to negotiate with Appellant's counsel to avoid the sale and that Appellee's counsel — as well as the trial court's staff — had attempted to engage Appellant's counsel to prepare for the sale, but counsel was unresponsive.

In October 2015, the trial court entered an order confirming the sale and denying Appellant's motion. The trial court concluded that: the partition sale had been properly advertised and conducted; Appellant had nearly two years during which he could have exercised

---

[1] The deed was also conveyed to the couple's two minor children who are party to this action; Appellee was appointed to serve as guardian ad litem.

his options to prevent a sale; Appellant was aware of the partition process because it was part of the consent order; Appellant's counsel was aware of the sale and worked with the trial court concerning the appointment of the commissioners; and, Appellant often ignored communications and deadlines imposed by the trial court. Appellant now appeals the October 2015 order denying his motion to set aside the partition sale.[2]

1. Appellant asserts that the partition sale should be set aside because the bid price was egregiously low and the sale process was plagued with irregularities. We disagree.

"If a property is ordered to be sold pursuant to the statutory partition provisions and does not bring its fair market value for any reason, the parties' rights are protected by the right to object to confirmation of such sale." (Citations and punctuation omitted.) *Pack v. Mahan*, 294 Ga. 496, 500 (755 SE2d 126) (2014). See also OCGA § 44-6-170. As the parties recognize, however, this Court has long held:

> Inadequacy of price paid upon the sale of property under power will not of itself and standing alone be sufficient reason for setting aside the sale. It is only when the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price that such a sale may be set aside by a court of equity.

*Giordano v. Stubbs*, 228 Ga. 75, 79 (3) (184 SE2d 165) (1971). Thus, Appellant's claim turns on whether the sale in this case — which netted only a fraction of the fair market value of the subject property

---

[2] In July 2015, the trial court ordered Appellant to deliver the deed to Appellee after concluding that the property was properly sold to her at the partition sale. Appellee argues that the July 2015 order is a final order from which Appellant was required to appeal in order to challenge the partition sale. We disagree. While the July 2015 order certainly took various steps in completing the sale, that order did not confirm the sale, which this Court recently reiterated is a requirement of the statutory partition process; instead, the October 2015 order, which is marked as a final order, finalized the partition process by confirming the sale. See *Pack v. Mahan*, 294 Ga. 496, 500 (755 SE2d 126) (2014). Thus, at the time of the July 2015 order, there remained issues left to be resolved — namely the confirmation of the partition sale and disposition of the funds from the sale — and Appellant still had recourse in the trial court, namely his objection to that sale and request for a new one. See *Forrister v. Manis Lumber Co.*, 232 Ga. App. 370, 371 (1) (501 SE2d 606) (1998) ("Even if an order does not specify that it is a grant of final judgment, it nevertheless constitutes a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." (Citations and punctuation omitted)). Thus, Appellant is properly appealing from the October 2015 order.

— was accompanied by some circumstance that might have contributed to the low winning bid.

Appellant contends that neither he nor his attorney was aware of the January 2015 order setting the partition sale in motion. However, the trial court found, and the record supports, that Appellant often ignored communications from the trial court. Notably, Appellant has failed to account for why the trial court's order went unnoticed or how he eventually learned of the sale, opaquely stating in an affidavit below only that he "*was made aware of the sale date* on Monday, May 4, 2015." Cf. *American Security Investment Co. v. Poppell*, 114 Ga. App. 268, 268 (150 SE2d 697) (1966) (attorney's unexplained confusion regarding time of foreclosure sale, without more, insufficient to set aside sale).

Appellant also asserts that he was denied an opportunity to bid though he was fully prepared to do so. This argument is equally unavailing. By his own admission, Appellant learned of the date and time of the sale and secured funding to bid on the subject property. It is also undisputed that Appellant arrived at the courthouse on the morning of the sale but left before the bidding began and, consequently, missed the sale. This is not a case in which Appellant was misled into believing the sale had been canceled or postponed once he arrived for the sale, see, e.g., *Smith v. Georgia Loan & Trust Co.*, 114 Ga. 189 (39 SE 846) (1901), and, though Appellant asserted below that he "made the other parties who were present for the bid aware that he would be returning shortly with sufficient certified funds and . . . intended to bid on the subject property," Appellant has never alleged that he was advised that the sale would not, in fact, be conducted in his absence. Contrary to Appellant's argument, he was not prevented from bidding on or purchasing the property, but, instead, he was simply absent from the sale as a result of his own conduct.

2. In his second enumeration of error, Appellant asserts that the trial court erred by "failing to inquire into the issue of title of the subject property pursuant to OCGA § 44-6-142." Specifically, Appellant asserts that the partition process and sale "resulted in an unfair and inequitable proceeding and a financial loss to a party at interest" not named in the action, namely Appellant's mother, Viola Tyrones. While Appellant asserts that both Appellee and the trial court were on notice that Viola held an interest in the property, this assertion is not supported by the record.[3] We agree with Appellee that this issue

---

[3] According to Appellant, this issue was "set up in his answer as his seventh and eighth defenses." Those defenses — which merely assert boilerplate language regarding parties in

is being raised for the first time on appeal, and, as such, it is waived. See *Trop, Inc. v. City of Brookhaven*, 296 Ga. 85 (3) (764 SE2d 398) (2014).

Judgment affirmed. All the Justices concur.

DECIDED OCTOBER 17, 2016 —
RECONSIDERATION DENIED DECEMBER 8, 2016.

*Way & Way, Ramsey T. Way; Richard N. Hubert*, for appellant.
*Tatum Hillman Hickerson & Powell, Elizabeth T. Young*, for appellee.

---

interest and joinder — wholly fail to assert any factual claim or argument with respect to Viola Tyrones' purported interest in the property.