**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 25, 2020**

# In the Court of Appeals of Georgia

A20A0777. SAIK et al. v. BROWN et al.

HODGES, Judge.

This appeal concerns a dispute between neighbors Jeffrey S. Saik and Robin W. Saik, on the one hand, and Eric Brown and Alice Brown on the other. After the Browns subdivided their property, the Saiks sought a declaratory judgment concerning the validity of a subdivision plat and to partition a jointly owned access driveway so as to give the Saiks sole ownership of the access. The trial court granted summary judgment to the Browns on the Saiks' petition for declaratory judgment, finding that the Saiks' claims were barred by their failure to exhaust their administrative remedies. The trial court also granted summary judgment to the Browns and denied it to the Saiks on the Saiks' partition claim. The Saiks appeal both orders, and for the reasons contained herein, we affirm.

"We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. A defendant may obtain summary judgment by showing an absence of evidence supporting at least one essential element of the plaintiff's claim." (Citation omitted.) *Kennestone Hosp. v. Harris*, 285 Ga. App. 393 (646 SE2d 490) (2007).

So viewed, the facts demonstrate that the Browns and the Saiks own neighboring property which shares a single, roughly 25-foot-wide, access driveway (the "Access") that connects their lots, as well as one other lot, to Majors Road in Forsyth County. The Saiks and the Browns each owned a one-half undivided fee simple interest in the Access, and the Browns also possess an easement over the Access.

In 2018, the Browns submitted plans to the Forsyth County Department of Planning and Development (the "Department") seeking to subdivide their lot from a single lot into three lots. The Department approved the subdivision plats on May 18, 2018 pursuant to the Forsyth County Unified Development Code (the "UDC"). All three of the Brown lots will rely on the Access for ingress and egress.

In June 2018, the Browns retained a Realtor to list their three lots. Around June 6, 2018, the Realtor erected a "for sale" sign, and on June 10, 2018, he held an open house at the Browns' home for all three lots. At that open house, the Realtor spoke with Jeffrey Saik about the plats. Mr. Saik initially indicated to the Realtor that he might be interested in purchasing the Browns' property, but ultimately withdrew his interest. The Browns entered purchase and sale agreements for all three lots, but subsequently the Saiks filed the instant lawsuit and a lis pendens, and all of the sales fell through.

The Saiks' original complaint sought a declaration concerning the validity of the subdivision plat due to its alleged non-compliance with the UDC, the ability of the Browns to convey easement rights over the Access without the Saiks' consent, and whether the increased traffic will overburden the Access. It also sought interlocutory and permanent injunctive relief and attorney fees. The Browns moved for summary judgment on the Saiks' original complaint.

After the trial court held a hearing on the Browns' motion, but before the trial court ruled, the Browns transferred the ownership of the two vacant lots to two recently created LLCs, Majors2, LLC and Majors3, LLC (the "Majors Entities"). The Browns also deeded to the Majors Entities a 1/6 interest each in title to the Access,

3

while retaining a 1/6 interest for the lot with their home on it, and conveyed an easement across each of the vacant lots and the Access.

Shortly thereafter, and apparently without realizing the change of ownership in the two vacant lots, the Saiks amended their complaint to add a claim for equitable partition wherein the Saiks intended to consolidate ownership of the Access in themselves. Both parties moved for summary judgment on the amended complaint. Ultimately, the trial court granted the Browns summary judgment on both the complaint and the amended complaint, and the Saiks now appeal.

1.The Browns have moved to dismiss this appeal on the ground that the Saiks were required to file an application for discretionary review. They argue that because the underlying subject matter involves an administrative decision, the Saiks could only appeal pursuant to OCGA § 5-6-35 (a) (1) (application required for appeals from decisions of the superior courts reviewing decisions of state and local administrative agencies). We disagree.

The trial court granted the Browns summary judgment on the Saiks' amended complaint for partition of the Access. This was a final order, and the Saiks filed a timely notice of appeal from this ruling. The order granting summary judgment on this claim is directly appealable. See OCGA § 9-11-56 (h). Further, to the extent the

4

Saiks also seek review of the prior summary judgment order, pursuant to OCGA § 5-6-34 (d),

> all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed . . . without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere.

Accordingly, this Court has jurisdiction to hear this appeal, and the Browns' motion to dismiss this appeal is therefore denied.

2. The Saiks contend that the trial court erred in granting the Browns summary judgment on their original complaint for declaratory judgment and injunctive relief due to a failure to exhaust administrative remedies.[1] We disagree.

It is well established that

> [t]he general rule is that before a party seeks redress in the courts regarding the application of local regulation to property, it must apply to the local authorities for determination of matters such [as approving a subdivision plat], because requiring exhaustion of administrative remedies prevents unnecessary judicial intervention into local affairs

---

[1] "For convenience of discussion, we have taken the enumerated errors out of the order in which appellant has listed them . . ." *Foster v. Morrison*, 177 Ga. App. 250 (1) (339 SE2d 307) (1985).

5

and promotes judicial economy because local authorities, unlike the court, have the power to grant the relief sought.

(Citation and punctuation omitted.) *Elbert County v. Sweet City Landfill, LLC*, 297 Ga. 429, 433 (1) (774 SE2d 658) (2015).

Here, in relevant part, Section 5-3.4 of the UDC provides that "[t]he [Director of Planning and Community Development of Forsyth County] shall have the power to approve minor subdivision plats which meet the standards of the Georgia Plat Act for recordation and the provisions of this Code under the applicable provisions of this Code."[2] The Saiks correctly point out that this provision, by its plain language, provides no opportunity for notice or objection by the public. Further, Section 5-3.5 of the UDC states that

> [t]he [D]epartment is the administrative agency charged with the administration of this Code and may therefore establish such rules and procedures as may be necessary, including but not limited to administrative procedures for the filing of applications for amendment to the official zoning map of Forsyth County (i.e., rezoning requests), conditional use permits, variances, and other applications for development approval. The [Director of the Department] is hereby

---

[2] The parties do not contend that the plat submitted by the Browns constituted a major subdivision.

authorized to interpret the provisions of this Code when warranted and appropriate.

Moreover, if any person wishes to challenge a decision by the Director, Section 8.7-2 of the UDC provides that

> [a]ppeals to the Zoning Board of Appeals may be taken by any person aggrieved by any decision of the [Director of the Department] or other official . . . in the administration or interpretation of this Code or other county ordinances granting jurisdiction of the Zoning Board of Appeals. Appeals of administrative decision applications shall be made within thirty (30) days of the date of the decision or action being appealed. The application shall be filed in accordance with the public hearing schedule adopted by the Zoning Board of Appeals, and the director shall schedule the matter to be heard on the next available hearing date.

Here, the Department approved the Browns' subdivision plat on May 18, 2018, and the record contains uncontroverted evidence that Jeffrey Saik learned of the existence of the newly approved plat on June 10, 2018. Although the Saiks contend they did not know the date the plat was approved, and thus did not know their deadline to appeal, they learned of the plat in time to timely appeal. Importantly, however, the Saiks made no attempt whatsoever to comply with the administrative procedures contained within the UDC for challenging the subdivision plat. The Saiks

point to no authority standing for the proposition that they were entitled to ignore the administrative procedures of the UDC, except to say that the exclusion of a notice requirement prior to approval of a minor subdivision plat deprives them of due process. This is, in effect, a challenge to the constitutionality of the minor subdivision plat approval process contained in Section 5-3.4.

Issues concerning the constitutionality of land development determinations must be raised before the body having the authority to make such determinations. See *State Bd. of Equalization v. Trailer Train Co.*, 253 Ga. 449 (320 SE2d 758) (1984) ("We have required litigants to raise the constitutionality of applicable zoning classifications before that body having authority to rezone."); see also *Sweet City Landfill*, 297 Ga. at 433 (1).

Here, to exhaust their administrative remedies, the Saiks were required to appeal the approval of the minor subdivision plat pursuant to the UDC and, if such appeal was rejected as untimely pursuant to the UDC, to raise their constitutional due process concerns before the Zoning Board in the first instance. Instead, the Saiks seek to have this Court circumvent the administrative remedies provided to them without any authority permitting us to do so, so that we may declare actions by the government to be invalid without any governmental representative before this Court

8

to defend itself. See e.g. *Stendahl v. Cobb County*, 284 Ga. 525, 527 (2) (668 SE2d 723) (2008) ("It is clear that the governing authority with the power to re-zone property and the successful re-zoning applicant are proper defendants in a suit attacking the grant of a re-zoning application.").[3] This is improper, and the trial court properly granted the Browns summary judgment on the claims raised in the Saiks' original complaint, as those claims were not ripe for judicial review.

3. In two interrelated enumerations of error, the Saiks also contend that the trial court erred in granting the Browns' motion for summary judgment and denying the Saiks' motion for summary judgment, thereby disallowing the Saiks' petition for partition. We disagree.

As a threshold matter, we recognize that "Georgia distinguishes between 'equitable' partition, OCGA § 44-6-140 et seq., and 'statutory' partition, OCGA § 44-6-160 et seq. This nomenclature, however, has led to some confusion, insofar as

---

[3] At the motion hearing held in this case, the trial court questioned the parties as to whether any governmental party needed to be added to this case. Inexplicably, at no time did either party attempt to join any governmental parties to the litigation. Nonetheless, we need not reach the issue of whether the Saiks failed to join an indispensable party, because their failure to exhaust administrative remedies is dispositive.

equitable and statutory partitions alike must account for certain equities." (Citations omitted.) *Pack v. Mahan*, 294 Ga. 496 (755 SE2d 126) (2014).

> Statutory partition is available
>
> [w]hen two or more persons are common owners of lands and tenements, whether by descent, purchase, or otherwise, and no provision is made, by will or otherwise, as to how such lands and tenements shall be divided, any one of such common owners may apply by petition to the superior court of the county in which such lands and tenements are located for a writ of partition which shall set forth plainly and distinctly the facts and circumstances of the case, shall describe the premises to be partitioned, and shall define the share and interest of each of the parties therein.

OCGA § 44-6-160. Separately, Georgia law recognizes that "[e]quity has jurisdiction in cases of partition whenever the remedy at law is insufficient or peculiar circumstances render the proceeding in equity more suitable and just." OCGA § 44-6-140. It is of little consequence the nomenclature used by the parties in requesting a partition.

> Indeed, because the Civil Practice Act provides for one form of action, if the petition states a claim for either equitable or statutory partitioning, a court having the requisite jurisdiction and venue is authorized to proceed with a just and prompt determination of the action, regardless of whether the true nature of the partition is equitable or statutory.

10

(Citation and punctuation omitted.) *Pack*, 294 Ga. at 499.

Here, the Saiks titled their petition as one for equitable partition wherein they sought to force a sale of the Browns' ownership interest in the Access.[4] Although pled as a claim for equitable partition, the relief sought is available pursuant to statutory partition.[5]

---

[4] At the time of their petition, the Browns had divested part of their ownership interest in the Access to the Majors Entities. Inexplicably, no party attempted to add the Majors Entities to the litigation nor was any meaningful discussion had in the trial court as to whether the petition was legally valid in the absence of the Majors Entities. The trial court did not premise its order on the inability to confer the relief requested without the Majors Entities being joined as parties. See *Hill v. McCandless*, 198 Ga. 737 (3) (32 SE2d 774) (1945) ("Under the foregoing statutory provisions in order for a partition proceeding to be maintainable, the applicant must not only show title in himself to a specified interest in the property sought to be sold or divided, but must name as defendant each of the other persons who may own an interest therein, and set forth their respective interests. Accordingly, even though an applicant may correctly set forth his own interest in the property which he seeks to have sold for the purpose of partition, and even though he names as defendant another person, and correctly sets forth the interest in the property belonging to him, such defendant may appear for the purpose of showing that another and different person, not named as a defendant, and not served, has an interest in the property, and that therefore the applicant is proceeding illegally. This is true for the reason that a sale under a partition proceeding does not have the effect of setting aside or annulling an interest which may be held by a person not made a party to the proceeding.") (citations omitted).

[5] The Browns do not contest the Saiks' assertion that partition of the narrow access driveway by metes and bounds would be untenable.

11

In a statutory partition, a court is authorized to divide commonly owned land under OCGA § 44-6-160, or if a party in interest convinces the court that the land cannot be divided fairly, the land may be appraised and a party in interest given the opportunity to purchase the petitioner's share before a public sale is ordered. OCGA § 44-6-166.1. Alternatively, land may become subject to public sale under OCGA § 44-6-167 if it is not sold pursuant to the procedure set out in OCGA § 44-6-166.1 or if a petitioner convinces the court that a fair and equitable division of the property cannot be made by means of metes and bounds because of improvements on the property, because the premises are valuable for mining purposes or for the erection of mills or other machinery, or because the value of the entire property will be depreciated by the partition applied for.

(Citation omitted.) *Pack*, 294 Ga. at 496-497. In the context of a statutory partition, Georgia law further provides that

[i]n any extraordinary case not covered by Code Sections 44-6-160 through 44-6-169, the court may frame its proceeding and order so as to meet the exigency of the case without forcing the parties into equity; *and the court may deny a sale or partition altogether if it is manifest that the interest of each party will not be fully protected.*

(Emphasis supplied.) OCGA § 44-6-170.

Correctly recognizing that the relief requested by the Saiks was cognizable as a claim for statutory partition despite the manner in which it was pled, the trial court

12

proceeded to analyze the Saiks' claim.[6] In so doing, the trial court made the following legal conclusion:

> Here, the only beneficial use of the driveway is to allow ingress and egress to the five parcels of property. Even though the parties hold a joint fee simple interest in the driveway, the useful value lies in the easement of way that provides access to the otherwise landlocked parcels. Thus, the [trial court] finds that a conveyance of the fee simple interests in the driveway by either equitable or statutory partition would not constitute an equitable remedy, as the unification of title in one of the parties or to a third party in the event of a public sale would not eliminate the potential for conflict between the various parcel owners or remedy any other condition. Any conveyance of the fee simple interests would remain subject to the easement rights of the parties and other parcel owners and would thus effect little change. *The Court finds that this is an extraordinary case in which partition or sale should be denied because it is manifest that the interests of each party will not be fully protected thereby*. See OCGA § 44-6-170.

(Emphasis supplied.)

Although our law has not previously had the opportunity to interpret when a court may deny a petition on the grounds that it is "manifest that the interest of each

_____

[6] The law permits equitable, as opposed to statutory partition, where peculiar circumstances exist which make proceeding in equity more suitable. See *Pack*, 294 Ga. at 497. Although the Saiks titled their claim as one for equitable partition, they do not allege any peculiar circumstances which would require equity jurisdiction.

13

party will not be fully protected," we find that the trial court did not err in finding that this was such a case. Even in the context of statutory partition, the law "must account for certain equities." (Citations omitted.) *Pack*, 294 Ga. at 496. Here, the trial court correctly recognized that the Access has no value other than its service to the lots to which it is connected, that all owners will maintain easement rights to use the Access regardless of the fee ownership of the Access, and that accordingly, disputes concerning the use and maintenance of the Access will not resolve merely by consolidating fee ownership in one party. The Saiks are correct that "[p]artition is a remedy much favored by the law because it permits cotenants to avoid the inconvenience and dissension arising from sharing joint possession of land and it facilitates transmission of title, thereby avoiding unreasonable restraints on the use and enjoyment of property." (Citation and punctuation omitted.) *Harvey v. Sessoms*, 284 Ga. 75, 76 (663 SE2d 210) (2008). In the present circumstance, however, the benefit of partition in eliminating dissension among cotenants would not be recognized given the continued easement rights of all parties to use the Access. In other words, partition of the Access so as to consolidate fee ownership in the Saiks would not put to end this dispute. Accordingly, we find that OCGA § 44-6-170

14

authorized the trial court to grant summary judgment to the Browns and deny it to the Saiks on the petition to partition.

*Judgment affirmed. McFadden, C. J., and Doyle, P. J., concur.*